FITCH
v.
FORMAN.

Motion denied.

———⋙ ❊ ⋘———

## FITCH AND BUCK *against* FORMAN.

*Where A. cove-*
*nants with B.*
*and C. to do a*
*certain act by a*
*certain day, and*
*B. afterwards,*
*by writing under*
*seal endorsed*
*upon the origi-*
*nal agreement,*
*releases A. from*
*a performance*
*within the time*
*mentioned in*
*the agreement,*
*or extends the*
*time of perform-*
*ance, such re-*
*lease is a bar to*
*an action of co-*
*venant, in which*
*the breach as*
*signed is, the*
*non perform-*
*ance of the act*
*by the day men-*
*tioned in the a-*
*greement.*
*It is no objec-*
*tion to such re-*
*lease, that it*
*was endorsed*
*upon the agree-*
*ment and re-*
*mained, after*
*the execution of*
*it, with the*
*plaintiffs; for, if*
*a formal delive-*
*ry were neces-*
*sary, it will be*
*presumed to*
*have been made,*
*and that it re-*
*mained with the*
*plaintiffs with*
*the consent of*
*the other party.*
*A release by*
*one of two joint*
*covenantees is*
*binding on the*
*other.*

THIS was an action of covenant, which was tried before Mr.
Justice *Yates,* at the *Cayuga* circuit, in *June,* 1816.

The plaintiffs declared on an agreement dated the 17th *July,*
1811, between the plaintiffs and defendant, by which the latter
covenanted to pay the plaintiffs 2,500 dollars, in case a certain
copper mine in *Woodbridge,* in the state of *New-Jersey,* on be-
ing opened and sunk twenty-five feet deep, or otherwise explor-
ed, should be of such richness and quality as to afford the ordi-
nary profits of copper mines in *Wales* and *Cornwall,* in *Eng-
land,* which are worth working, to be paid in two equal annual
instalments from the time the quality of the mine should be as-
certained ; and the defendant also covenanted to open the mine,
and sink the shaft thereof, and otherwise explore the mine, in
a reasonable and satisfactory manner, to ascertain the quality
thereof, before the expiration of one year from the first of *De-
cember* next after the date of the agreement, or, in case of his
neglect, to pay the sum of 2,500 dollars absolutely.   The breach
assigned was, that the defendant had not explored the mine be-
fore the expiration of one year from the said first day of *Decem-
ber,* whereby he became liable to pay the plaintiffs the sum of
2,500 dollars absolutely.

The defendant pleaded *non est factum,* with notice subjoined,
that he would give in evidence on the trial a release under seal,
executed by *Buck,* one of the defendants, on the 6th of *April,*
1813, in the words following : " I hereby, on my part, release
the said *Joshua Forman* from any liability by reason of the said
mine not being explored, agreeably to the terms of the above
contract, by the first day of *December* last, and do consent that
the time for exploring and sinking the same be extended to the
first day of *December* next, in consideration of one dollar to me
paid."

At the trial, the agreement mentioned in the declaration was produced and read in evidence, and the defendant proved the handwriting of *Buck* to the instrument mentioned in his notice, which was endorsed upon the original agreement. A verdict was taken for the plaintiffs, subject to the opinion of the court, on the case above stated.

*H. Bleecker,* for the plaintiffs. The release signed by *Buck* was on his own part only ; it did not bind *Fitch.* A co-obligee may release on his own account.* It is not a general release, in the names of both the plaintiffs, but of one only for himself. But admitting that a release by one of two joint obligees may be pleaded in bar to a joint action, it must be by *deed,* or a technical release under seal. The plea is *non est factum,* and no- thing special can be given in evidence under it. In an action of co- venant, there is no general issue to entitle the defendant to give *notice* of special matter to be offered in evidence, pursuant to the statute. But if the *notice* was proper, in this case, it must be treated as a special plea, and it states the writing to be a re- lease under seal, or a deed. Now there was no proof of any delivery, which is essential to a deed. When the covenant was first produced at the trial, this writing or release was found en- dorsed upon it. There can be no delivery without an accept- ance.†

Again ; the release *contains a condition precedent, that the* defendant should open and explore the mine before the end of one year from the first day of *December,* or pay the sum of 2,500 dollars *absolutely.*‡ The intent and meaning of the parties must be taken from the instrument itself. By not opening the mine within the time limited, the engagement of the defendant to pay the 2,500 dollars became absolute.

*E. Williams,* contra. This action is brought to recover the 2,500 dollars, as if it was an absolute contract to pay that sum, as stipulated damages, in case the mine was not opened by the first day of *December.* But the true construction of the instrument is, that the defendant was to pay the plaintiffs 2,500 dollars, when the value and probable profits of the mine were ascer- tained, and he binds himself, under a *penalty,* to open the mine for that purpose by the first day of *December.* In *Dennis* v. *Cum- mins,*§ where the defendant promised, in case he failed to per-

**Margin notes:**

NEW-YORK, May, 1817.

FITCH v FORMAN.

* *Bac. Abr. Re- lease,* (G.)

† 1 *Johns. Cases,* 114. 12 *Johns. Rep.* 421.

‡ *Com. Dig. Condition* (B.1.) 1 *Saund.* 320. n. 4. 1 *Str* 569. 3 *Johns Rep.* 388. 3 *Bos. and Pul.* 574.

§ 3 *Johns. Cas.* 297.

NEW-YORK,  form his covenant, to pay the plaintiff 2,000 dollars damages, this
May, 1817.  court considered it as a *penalty*, and not as liquidated damages.
So the court of C. B in *Astley* v. *Weldon*\*, on a similar agree-
ment, held the sum stipulated to be paid in case of a failure of
the party to perform, to be in the nature of a penalty, and not
as liquidated damages.

FITCH
v.
FORMAN.
\* 2 *Bos. and*
*Pul.* 346.

The breach assigned in the plaintiffs' declaration, is the failure
of the defendant to open the mine by the first day of *December*. But
the release executed by *Buck* discharged the defendant from all
liability for damages for not opening the mine by the first day of
*December*, and leaves the plaintiffs to their remedy on the other
part of the agreement.    It has been repeatedly decided, that a
release by one joint owner, partner, or covenantee, will bind
the other.†    It is not necessary that it should purport to be a
discharge by both of the covenantees.    It is sufficient if it be
the release of one of them.

† *Pierson* v.
*Hooker,* 3 *Johns.*
*Rep.* 68.  *Rud-*
*dock's* case,  6
*Co.* 25.  7 *Johns.*
*Rep.* 207, 210.

If the technical objection, that the release was never deliver-
ed, so as to render it a valid deed, is to be sustained, a new trial
ought to be granted, so as to allow the defendant an opportunity
to give further evidence of that fact.    In *Jackson, ex dem.*
*M'Crea,* v. *Dunlap*,‡ KENT, J. thought there was delivery
enough of the deed.

‡ 1 *Johns. Cas.*
114.

THOMPSON, Ch. J. delivered the opinion of the court. It is un-
necessary, in this case, to decide whether the 2,500 dollars men-
tioned in the covenant is to be considered as a penalty, or in the
nature of stipulated damages. Viewing it in either light, the plain-
tiffs cannot recover any thing under the present declaration.
The breach assigned in the declaration is, that the defendant did
not open the mine and sink the shaft, and explore the mine by the
first day of *December*, in the year 1812.    But all claims on the
defendant for any forfeiture or payment, by reason of the mine
not having been opened and explored by that time, were dis-
pensed with by the instrument endorsed upon the back of the
covenant, under the hand and seal of *Buck*, one of the plain-
tiffs, dated on the 6th day of *April*, 1813.    It purports to be a
release to the defendant for any liability by reason of the said
mine not being explored by the first day of *December* then last
past, and a consent that the time for exploring should be ex-
tended to the first day of *December* next.  This instrument, thus
endorsed, must have the operation, either of an absolute release

of all liability upon the covenant, or of a modification of it, by an extension of the time within which the mine was to be explored. In either point of view, it must defeat the present action.

The want of an actual delivery of the instrument to the opposite party, cannot destroy its legal operation. It is endorsed upon the original covenant, and could not be delivered to, and retained by, the defendant. Even if a delivery, *pro forma,* was necessary, it ought to be presumed, and that the release was afterwards retained by the plaintiffs, by mutual consent of the parties, knowing that it must necessarily accompany the covenant, wherever it went, being endorsed thereon; besides, no objection on this ground was made at the trial. This instrument having been signed by only one of the plaintiffs, cannot alter its legal operation. They had a joint personal interest, and the release or modification by one, would bind the other. (3 *Johns. Rep.* 70.) (*a.*) We are accordingly of opinion, that a judgment of nonsuit must be entered pursuant to the stipulation in the case.

Judgment of nonsuit.

(*a*) See *Austin and others* v. *Hall,* 13 *Johns. Rep.* 286.