Parker, C. J.,
delivered the opinion of the Court.
We are all of opinion that the replication to the second plea in bar is bad, because, if the plea was good in defence against a joint note, it is equally so against a joint and several note ; there being no distinction between those contracts, in relation to a release or discharge. It is so laid down in the authorities cited for the defendant, and nothing has been produced to the contrary by the counsel for the plaintiff. But the plea is also bad, it not showing an actual release, nor an accord and satisfaction; for it is not shown that any thing was received by the plaintiffs, in satisfaction of the demand. *472 [ * 584 ] * The points, which have been argued at the bar, would seem to arise out of the first plea in bar, and the subsequent pleadings connected therewith. But as issue is taken to the country on a fact alleged in that plea, it would seem not to have been the intention of the parties to have called for a decision of those points, in the present stage of the action. Yet as the cause has been argued, upon all the matters in law, which the case suggests, we have thought it would be most convenient to give an opinion upon them, that further expense in prosecuting the suit may be saved.
As to the first point made by the plaintiff’s counsel, that admitting the indenture to operate as a release to J. &/• I. Newhall, yet it will not have that effect upon the defendant, because his promise is several as well as joint: this has been answered. The authorities are perfectly clear, that a release to one joint and several obligor discharges both. The reason is, that there is but one debt or duty, and that being once received by the obligee, he can have no further claim; and if he discharge the one upon receiving a part, or something else in lieu of the debt; or if he be satisfied so as to release one, the debt itself must be considered as discharged. A covenant not to sue will not have the same effect; for it cannot be inferred from such covenant, that it was the intention to discharge the debt. Whereas in case of a release, that must be the legal inference; and a contrary intention can only be shown by parole evidence; which would be, in effect, to contradict the legal import of the release.
The second point made for the plaintiff is, that the words of the indenture do not amount to a release, but a covenant to release, which can be nothing more than a covenant not to sue. This must be determined by the instrument itself; and the intention of the parties appearing in that instrument, must furnish the construction, if there lie any ambiguity in its terms. The words of the indenture are, “that the said creditors do severally agree and covenant with the said J. fy I. Newhall, and with [the trustees,] [ * 585 ] * that they will receive their respective proportions of the moneys arising, &c., in full satisfaction of their several and respective demands, and will forever release and discharge the said J. 8f I. Newhall from all further claims and demands upon them by reason thereof.” The creditors are made to speak in the future tense; nevertheless, their words are to operate as a present release, if it is manifest, from the whole instrument, that such was the intent. Even if this covenant stood alone, as no provision is made, as to time or manner, foi any future .nstrument of release, it might be construed to have a present *473 effect. If a man, for lawful consideration, covenant that he will release a right, this ought to take effect instantly as a release ; unless there are other words, showing that a future act was intended. But there can be no question of the proper construction of these words, if we refer to the other parts of the instrument. J. &f I. Newhall make an absolute and immediate transfer of all their property to trustees for the use of their creditors; and this is the consideration of the release to them. Now, it is not to be supposed, that they would thus part with their property, and depend upon some future act of these creditors, to release them from their debts. When the creditors covenant that they will receive their proportions, and will release, they certainly mean that they do release; because the fund, from which they are to be paid, is already transferred.
With respect to the matter contained in the replication to the first plea in bar, the only part, which could have any bearing on the case, is that which is denied, and on which issue is joined to the country, viz., the agreement to limit the operation of the indenture. But the parties will consider whether that issue be material; for it can no otherwise be proved, than by parole evidence; the effect of which would be to impair and limit the legal effect of a sealed instrument. If this replication had been demurred to, as at present advised, the Court think it would have been adjudged bad.
* Note. After taking time for consideration, the plain- [ * 586 ] tiffs waived all further questions in the case, and became nonsuit.