SAMUEL P. HALL & *als. versus* AMAZIAH B. GRAY.

In assumpsit by the owners of a vessel against its master for earnings, a release by one of the plaintiffs is a bar to the action.

And evidence of collusion between the parties to the release is inadmissible to change its effect.

ASSUMPSIT by the owners of a schooner against its master for certain alleged earnings.

The defendant produced a release from one of the plaintiffs — his brother. All the plaintiffs, excepting the brother,

Hall *v.* Gray.

alleged that the release was given collusively to defraud them. The case was continued on report, with the agreement that, if the release would be a defence, and proof of such alleged collusion and intended fraud would not be admissible to change the effect of the release, or would not change it, then the plaintiffs were to be nonsuited, otherwise the cause to stand for trial.

*T. C. Woodman*, for the plaintiffs.

1. Plaintiffs being joint owners were rightfully joined. *White* v. *Curtis*, 35 Maine, 534; *Blanchard* v. *Dyer*, 21 Maine, 111.

2. Courts should discountenance such frauds. *Darling* v. *Simpson*, 15 Maine, 175; *Marshall* v. *Jones*, 11 Maine, 54; *Lunt* v. *Stevens*, 24 Maine, 534. As to the admissibility of the evidence of collusion. *Loring* v. *Brackett*, 3 Pick., 403; *Eastman* v. *Wright*, 6 Pick., 316, 323; 2 Parsons on Con., 129, note t, and cases there cited.

*J. A. Peters*, for the defendant.

APPLETON, C. J.—The plaintiffs, joint owners of a vessel, have brought the present suit. A joinder of all the owners was necessary. Since the commencement of the action, one of the plaintiffs, by a release under seal, has discharged the defendant.

It was held, in *Ruddock's case*, 6 Coke, 25, that, "where divers persons were to recover a personal thing, the release or default of one bars all." The general rule, as stated by KENT, C. J., in *Pierson* v. *Hooker*, 3 Johns., 68, is "that, where two have a joint personal interest, the release of one bars the other." Where several plaintiffs must join in a personal action, the release of one joint plaintiff is a bar to the action. *Austin* v. *Hall*, 13 Johns., 286. A release by one of two joint covenantees is binding on the other. *Fitch* v. *Forman*, 14 Johns., 172. "The release of one is as effectual as the release of all, when a joinder of all the plaintiffs is necessary," observes SPENSER, J., in *Decker* v. *Livingst n*, 15 Johns., 479. In an action on the case, in the nature

of waste, brought by several plaintiffs, the release of the action by one of the plaintiffs, is a good bar. *Kimball* v. *Wilson*, 3 N. H., 96. So one of many tenants in common may release and discharge a trespass on the common land. *Bradbury* v. *Boynton*, 22 Maine, 287. So a discharge by one of many joint trespassers, is a discharge of all. *Gilpatrick* v. *Hunter*, 24 Maine, 18. A release by two of three joint obligees is a bar to a suit brought by the third, in the name of all, to recover his interest. In such joint action the plaintiff cannot set up that such a release was a fraud on one of them, and thus deprive the defendant of a ´ legal defence to the claim of the three. *Myrick* v. *Dame*, 9 Cush., 248.

In *Lunt* v. *Stevens*, 24 Maine, 534, it was held, a writing signed by one of the plaintiffs not under seal, did not constitute a discharge. In *McAlister* v. *Sprague*, 34 Maine, 296, the same principle was affirmed. In the case at bar, the discharge upon which the defendant relies, was under seal and according to the authorities constitutes a bar.

*Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.