o ═══════

WILLIAM HALE *vs.* LEONARD V. SPAULDING & others.

Essex.   Nov. 3, 1887. — Jan. 4, 1888.   DEVENS & KNOWLTON, JJ., absent.

A receipt, under seal, given by the obligee of a joint obligation to one of the joint obligors, "in full satisfaction for his liability" on said joint obligation, releases all of the obligors; and oral evidence is inadmissible to show that the obligee did not intend to release them all.

CONTRACT, upon an instrument under seal, dated May 23, 1885, by the terms of which the defendants, six in number, agreed to pay to the plaintiff, on demand, six sevenths of any loss to which he might be subjected as the indorser of a certain note for a corporation.

Aaron H. Saltmarsh alone defended.   He filed an answer alleging that the plaintiff, since the execution of the contract declared on, had executed and delivered the following paper, under seal, to one of the joint obligors under the contract :

"Received of L. V. Spaulding $1060.84, in full satisfaction for his liability on the document" signed, &c., and dated May 23, 1885.

At the trial in the Superior Court, before *Hammond,* J., it appeared that on September 20, 1886, the defendants, except Saltmarsh, settled with the plaintiff for their proportionate part of the amount alleged to be due under the agreement declared on, and the plaintiff executed the paper under seal, annexed to the answer, and delivered it to the defendant Spaulding.   The plaintiff offered to prove facts showing that, in giving said sealed paper annexed to the answer, there was no intention of releasing the defendant Saltmarsh.   The judge ruled that said offer was

not material, and that said sealed paper released the defendant Saltmarsh, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. H. Moody*, for the plaintiff.

*H. N. Merrill*, for Saltmarsh.

C. ALLEN, J. The words "in full satisfaction for his liability" import a release and discharge to Spaulding, and, the instrument being under seal, it amounts to a technical release. The plaintiff does not controvert the general rule, that a release to one joint obligor releases all. *Wiggin* v. *Tudor*, 23 Pick. 434, 444. *Goodnow* v. *Smith*, 18 Pick. 414. *Pond* v. *Williams*, 1 Gray, 630, 636. But this result is avoided when the instrument is so drawn as to show a contrary intention. 1 Lindl. Part. 433. 2 Chit. Con. (11th Am. ed.) 1154 *& seq. Ex parte Good*, 5 Ch. D. 46, 55. The difficulty with the plaintiff's case is, that there is nothing in the instrument before us to show such contrary intention. Usually a reservation of rights against other parties is inserted for that purpose; or the instrument is put in the form of a covenant not to sue. See *Kenworthy* v. *Sawyer*, 125 Mass. 28; *Willis* v. *De Castro*, 4 C. B. (N. S.) 216 ; *North* v. *Wakefield*, 13 Q. B. 536, 541. Parol evidence to show the actual intention is incompetent. *Tuckerman* v. *Newhall*, 17 Mass. 580, 585. The instrument given in this case was a mere receipt under seal of money from one of several joint obligors, in full satisfaction for his liability on the document signed by himself and others. There is nothing to get hold of to show an intent to reserve rights against the others. He might already have discharged each of them by a similar release.

*Exceptions overruled.*