## WASHINGTON.

---

A. B. CRAFTS *et al. vs.* JOHN W. SWEENEY.

The court may on motion order stricken out as frivolous a plea which obviously raises no issue pertinent to the controversy.

A written order to pay over to one of his two principals money in the hands of an attorney collected by him under a power to collect the same and pay certain specified debts of the principals including claims due the drawers of the order, which debts, however, had all been paid and discharged, does not operate as an equitable assignment to the payee, since the drawers of the order having been paid had no interest to assign, but was only evidence that their claims had been paid.

A general release by one of two plaintiffs in a suit of all actions, debts, claims and demands which that plaintiff has against the defendant is no bar to the action as against the other plaintiff for the recovery in that action of his share of the joint claim sued on.

On a petition for a new trial the Appellate Division of the Supreme Court may, under the Judiciary Act, cap. 31, § 11, direct a judgment for joint plaintiffs to be entered to the use of one of them for the amount of his share of the joint claim where the other has released to the defendant his interest in such claim.

DEFENDANT'S petition for a new trial. Certified from the District Court of the Third Judicial District on exceptions.

*Providence, December 7, 1894.* TILLINGHAST, J. The record in this case shows the following state of facts, namely: On August 26, 1893, the plaintiffs gave defendant a power of attorney to manage and collect the rents and income of certain real estate situate in Westerly, R. I., belonging to plaintiffs, until the final determination of a suit in equity relating to said real estate which was then pending in this

court between them, which power of attorney provided that after paying "all taxes, insurance, compensation for himself and necessary expenses," the balance of said rents and income should be applied to the payment of certain specified indebtedness of the plaintiffs.

By virtue of this power of attorney the defendant collected the sum of $707 in rents and income and after deducting ten per cent. thereof for his compensation, together with the sum of $3.00 expended in repairs on one of the buildings, applied the balance as therein directed, with the exception of the sum of $40.27, which sum, the debts provided for in said power of attorney having been fully paid and discharged, was paid over to said A. B. Crafts.

On May 17, 1894, Maria L. Crafts, one of the plaintiffs, conveyed to said Albert B. Crafts all her right, title and interest in said real estate, together with all rents in arrears and unpaid due from tenants of any and all parts of said premises.

On May 17, 1894, said suit in equity was entered settled, and thereupon the defendant was requested by said Albert B. Crafts to settle his accounts and pay over the balance due. The defendant claimed and reserved for his compensation ten per cent. of said rents and income as aforesaid which was more than the plaintiff A. B. Crafts thought him entitled to, whereupon this suit was brought to recover the sum of $35, the same being one half of the amount reserved by the defendant.

After the bringing of the suit the plaintiff, Maria L. Crafts, executed and delivered a general release under seal to the defendant of all actions, debts, claims and demands both at law and in equity which she had against him.

The defendant filed a plea of estoppel in the case against him, setting up said power of attorney and averring that he acted thereunder until the final determination of said suit in equity and not thereafter, that he collected rents and income during said time and applied it as required, that he had retained therefrom the said sum of ten per cent. for his compensation, as he had a right to do, and that the plaintiffs are

estopped to question the reasonableness of said amount so retained.

On motion of the plaintiff, A. B. Crafts, said plea was ordered stricken out by the court to which the defendant excepted. The case was then tried upon its merits, evidence being offered by the plaintiffs to show that the defendant had charged too much for his services and by the defendant that the charge was reasonable. The defendant also offered in evidence said release from Maria L. Crafts, but the court ruled that it was null and void and of no effect, to which ruling the defendant also excepted. The court further ruled on the evidence that defendant's charge of ten per cent. of the rents and income collected by him was unreasonable, and allowed him seven and one-half per cent. thereof and rendered a decision for the plaintiffs for $17.50, to which decision the defendant excepted.

The case is now before us on said exceptions. We think the first exception should be overruled. For while it is true that good pleading requires the parties at each stage of the proceeding after the declaration to demur or plead by way of traverse, or by way of confession and avoidance, the main object of all pleading being to facilitate the administration of justice by simplifying the grounds of controversy and narrowing the contest to a simple issue of law or fact, affirmed on one side and denied on the other, yet when as in this case it is perfectly obvious that the plea interposed by the defendant raised no issue which was pertinent to the controversy, said power of attorney in no wise preventing the plaintiffs from bringing and maintaining their action, and not having any of the qualities of an estoppel, it was highly proper for the court on motion to order it stricken out as a frivolous and unworthy plea. The practice of striking out unnecessary and frivolous pleas has been repeatedly recognized and approved by this court, and we are fully in accord with such practice as tending to simplify the proceedings and prevent the real issue of the case from becoming obscured under a mass of confusing and irrelevant matter. See *Slocomb* v. *Powers*, 10 R. I. 255 ; *City of Providence* v. *Adams*, 11 R.

I. 190 ; *Hamilton* v. *Colt*, 14 R. I. 209, 213 ; *Wright* v. *Card*, 16 R. I. 719.   Moreover, it is indeed a novel doctrine which the defendant attempts to establish by said plea, namely, that one who as principal gives a power of attorney to another as his agent to collect and receive rents or other moneys due the principal and to retain therefrom his compensation and expenses, is thereby estopped from questioning the reasonableness of the agent's charge for his services.

We are of the opinion that the second exception must be sustained.   Said power of attorney provides that the defendant from the rents and income of the premises in question should pay "first, all taxes, insurance, compensation for himself and necessary expenses ; second, to pay book account now due Randolph, Bentley & Company of $198, (about) with interest ; third, to pay the interest on the mortgage now due the Mechanics Savings Bank of said Westerly, and also the interest on the mortgage now due the said Randolph, Bentley & Co., together with the necessary expenses incurred by them in the foreclosure proceedings upon their said mortgage now pending ; fourth, to apply the residue of the income and rents to the liquidation of both said mortgages, as the mortgagees and said Sweeney may agree, and the receipt of said mortgagees or for any of the aforementioned purposes, shall be a sufficient discharge of said Sweeney, and to allow out of said incomes and rents such sum as they may agree between said mortgagees and said Sweeney for the support of said Maria L. Crafts."

The record shows that on July 24, 1894, said debts having then been fully paid and discharged, said Randolph, Bentley & Co., and Mechanics Savings Bank of Westerly, in writing, authorized the defendant to pay the balance of said rents and income then remaining in his hands to said A. B. Crafts, which he accordingly did, less the amounts retained by him as aforesaid.

The plaintiff A. B. Crafts contends that the giving of said order, if such it may be called, by the parties to whom said money was payable under the power of attorney, amounted to an equitable assignment of the same to him, and hence

that the release of said Maria L. Crafts was of no effect. We do not see that this is so, for after the payment of the debts provided for as aforesaid the balance remaining in the hands of Sweeney did not belong to the drawers of said order, they having been paid in full, but belonged to the plaintiffs jointly.   Moreover, the doctrine of equitable assignment contended for is not applicable to the transaction, because said Randolph, Bentley & Co.' and Mechanics Savings Bank having been fully paid as aforesaid, had no further interest in said power of attorney or the moneys collected thereunder and hence had nothing which they could assign.   All that the order which they gave to Sweeney amounted to, therefore, was to show that their claim which had been provided for in the power of attorney had been paid and discharged.

We do not think that the giving of said release was a bar to the action, however, as is contended by the defendant. For while it is ordinarily true that a release of one of several joint and several obligors or debtors or a release by a part of the joint obligees, is a release of all; *Tuckerman* v. *Newhall,* 17 Mass. 581 ; *Hale* v. *Spaulding,* 145 Mass. 482 ; Wait's Actions and Defences, vol. 7, 460, and cases cited in § 9 ; *Houston* v. *Darling,* 16 Me. 413 ; *Hall* v. *Gray,* 54 Me. 230; yet, as said by Gray, C. J., in *Boston & Maine Railroad* v. *Portland, etc., R. R. Co.,* 119 Mass. 498, "when a person, answerable in contract to two jointly, settles with one of them, so that one has no longer any real interest in the matter in dispute, it is a severance of the cause of action, and the debtor is liable in an action at law to the other alone." See also *Hale* v. *Spaulding,* 145 Mass. 482 ; *Clapp* v. *Pawtucket Institution for Savings,* 15 R. I. 489.   It is evident that the release given by Mrs. Crafts was simply a release of *her* claim against Sweeney.   It does not purport to be a release of the joint claim for the recovery of which this suit was pending when the release was given, but only a general settlement with her without any reference to the subject matter of this suit.   It was not, therefore, a bar to the suit of A. B. Crafts to recover the amount due him from said Sweeney (for such the suit now really is), he having the right,

notwithstanding said release or settlement, to recover his share of the indebtedness.

The third and last exception must be overruled. The ruling of the court below as to the sufficiency and weight of the evidence is not reviewable on a bill of exceptions; *Providence County Savings Bank* v. *Phalen*, 12 R. I. 495; *Elliott* v. *Benedict*, 13 R. I. 463; *Grundy* v. *Hadfield*, 16 R. I. 579.

The point taken by the plaintiffs' counsel that a release obtained by defendant after action commenced must be specially pleaded, is not tenable, in this case at any rate, as it appears from a stipulation filed by him in the court below that the defendant was to be allowed to put in any defence under the general issue.

As it is clear that said A. B. Crafts is entitled to one half of the amount awarded by the court below, we will direct the court to enter judgment for the plaintiffs for that amount to the use of said A. B. Crafts, individually. See cap. 31, § 11, of the Judiciary Act.[1]

*Albert B. Crafts*, for plaintiffs.

*John W. Sweeney*, for defendants.

---

[1] As follows:

SEC. 11. The appellate division of the supreme court having considered any petition for a trial or new trial, or for judgment on special verdict, or motion in arrest of judgment, or any motion of a similar nature or purpose, preferred under the provisions of this chapter, may grant or deny the same; and shall, after deciding all questions raised by the petition or motion, remit the cause and the papers therein to the common pleas division of the supreme court, or district court, respectively, with direction to award a new trial therein, and direction when the same may come up for assignment, or direct entry of judgment, and the date thereof, as the case may be, and may make such other or further orders as to costs or otherwise, in the cause, as to law and justice shall appertain.