HANNAH C. MERRITT, Executrix,

*vs.*

GILBERT L. BUCKNAM, and another, Executors.

Washington.    Opinion April 9, 1897.

*Assignment. Release. Joint Debtors. Fraud.*

Two, of several joint makers of a promissory note, by an instrument under seal, conveyed, transferred and assigned to trustees all of their property of every description, except such as was by law exempt from attachment, in trust, to sell, dispose of and convert into money and to make a proportional distribution of the net proceeds thereof among such creditors of the assignors as became parties to the assignment within the time limited.

The indenture of assignment contained this clause: "And the creditors whose names are hereto subscribed, agree to said assignment and to receive their proportional shares of said property in full of all their claims against said parties of the first part, and upon payment thereof they hereby release and forever discharge said parties of the first part from their respective claims."

In a suit against the executors of another joint maker of this note, *held;* that whether the language of the indenture, applicable to creditors who became parties thereto, should be regarded merely as an executory agreement to release the assignor upon the subsequent proportional distribution of the property conveyed in trust for this purpose, or as a then present release of the assignors from all further liability, depends upon the intention of the parties, to be obtained if possible by construing the instrument as a whole and by taking into consideration the circumstances and relations of the parties.

That in this case the payee of the note, by becoming a party to this indenture, intended a then present release of the assignors from all further liability.

That as this was a technical release under seal of some of the joint promisors, it must be regarded as a discharge of all.

A release may be given to one of several joint debtors and all rights be reserved against the others, but this was not done in the indenture under consideration, nor does the instrument show any intention upon the part of creditors to reserve rights against other joint debtors or promisors.

A secret agreement between assignors and a creditor, made to induce the creditor to assent to the assignment, without the knowledge of the other creditors, and repugnant to the terms of the indenture of assignment, is a fraud upon the other creditors and is void.

On Exceptions by Defendants.

This was an action of assumpsit against the executors of Isaac Carleton, tried to a jury in the court below for Washington County, upon the following promissory note:

"$3,000.                           Columbia Falls, Oct. 29, 1892.

One year after date we promise to pay to the order of Abraham Merritt three thousand dollars, with interest at 7 per cent, until paid, value received.

L. Leighton & Son."

Indorsed as follows: L. Leighton, H. M. Leighton, Isaac Carleton, A. Merritt.

Plea, the general issue with a brief statement that the defendants have been discharged from all liability upon the note sued, by reason of Levi Leighton and Horace M. Leighton, co-promisors, having been released by the plaintiff's testator in his lifetime, by his release under seal of the following tenor, to wit, release dated September 15, 1893.

Defendants offered as evidence of the release an assignment from L. Leighton & Son to William R. Pattangall and John L. Dalot, dated September 15, 1893, as follows, viz:

"Know all men by these presents that we, Levi Leighton and Horace M. Leighton of Columbia Falls, in the County of Washington and State of Maine, both as individuals and as co-partners under the firm name of Levi Leighton & Son, as parties of the first part, in consideration of one dollar paid by Wm. R. Pattangall of Columbia Falls aforesaid and John L. Dalot of Addison in said county, parties of the second part, and of the trust herein expressed, do grant and assign to said parties of the second part all our property, estate, rights and credits of every description, both individual property and property of said firm of Levi Leighton & Son, except such as is by law exempt from attachment and execution, to have and to hold the same to the said Wm. R. Pattangall and John L. Dalot, in trust to sell and dispose of said property to the best advantage, and collect and convert into money said debts and demands and to proceed with said property according to the

provisions of the law, and make a proportional distribution of the net proceeds thereof among such creditors of said parties of the first part as shall become parties to this assignment, as parties of the third part, within sixty days of the date hereof, and after the payments above provided, before and hereinafter stated, are made, to pay the surplus to the parties of the first part.

" And the parties of the first part agree and covenant with the parties of the second part that they will at all times promote and forward the speedy receipt and recovery of the debts and property aforesaid and will aid and assist said trustees in managing the concerns of the trust estate, if requested so to do, upon being allowed a reasonable compensation for their time and services, and will on request of said trustees execute all such further papers and writings, and do all such other and further acts and things for the better carrying out of said trust, as may be convenient, expedient or necessary. And it is further agreed between all the parties hereto, that the said trustees shall out of said trust estate pay all the costs and expenses of carrying out the trusts herein declared, including a reasonable compensation to the trustees herein named, and for the services of an attorney where such services become necessary, and a reasonable compensation to the parties of the first part for their time and services as above mentioned, and to pay all claims entitled to priority under the insolvent laws of Maine.

" And whereas said property consists in part of a retail store and stock of goods which can be sold to best advantage by replenishing from time to time such lines of goods as may be diminished by sales, said parties of the second part are authorized to purchase for cash out of the trust funds, goods to be placed for sale in said store and to pay the expenses of carrying on said store if in their judgment they deem it expedient so to do.

"And said Wm. R. Pattangall and John L. Dalot, parties of the second part, agree to accept said trust and execute the same according to the provisions of this instrument and agreeably to law. And the creditors whose names are hereunto subscribed, agree to said assignment and to receive their proportional shares of said property in full of all their claims against said parties of the first

part and upon payment thereof they hereby relieve and forever discharge said parties of the first part from their respective claims.

"To the covenants and agreement hereof the respective parties bind themselves and their legal representatives.

"In testimony whereof we the said parties of the first, second and third parts hereunto set our hands and seals on this fifteenth day of September, A. D. 1893, the said parties of the third part using and adopting one common seal.

"The signature to any duplicate copy hereof of the same tenor to be of like effect as if signed hereto.

L. LEIGHTON.　　　　　[Seal.]

HORACE M. LEIGHTON.　　　　　[Seal.]

(Certificate of acknowledgment, dated September 15, 1893).

WM. R. PATTANGALL [Seal].　　JOHN L. DALOT [Seal].
A. MERRITT [Seal]."　　Names of other creditors omitted.

Plaintiff then offered in evidence, subject to objection, the following agreement:

"Columbia Falls, Oct. 14, 1893.

It is agreed by the undersigned that by A. Merritt signing the assignment of L. Leighton & Son this day that it shall not debar or prevent Merritt from collecting on his notes full amount due.

H. M. LEIGHTON.

JOHN L. DALOT, Assignee."

It was admitted by the defendants that the plaintiff's intestate has received nothing under the assignment.

It was admitted that Abraham Merritt did not become a party to the assignment until some day subsequent to its date.

The court directed the jury to return a verdict for the plaintiff for the amount due upon the note. Thereupon the jury returned a verdict for plaintiffs for the sum of $3,678.42, and to this direction the defendants were allowed exceptions.

*H. H. Gray,* for plaintiff.

The contract was executory; it gave the principals no delay.

This was only an offer on condition, which condition never was

complied with by the principals. The contract was no present discharge of the plaintiff's rights.

It was no bar to an instantaneous suit had one been brought.

It was never executed. Nothing was ever paid. It was not a discharge under seal. *Miller* v. *Hatch*, 72 Maine, 481; *Cushing* v. *Wyman*, 44 Maine, 131.

The agreement to accept a part in satisfaction of the whole, so long as it remains executory, will not operate either as payment, satisfaction or discharge. *Blake* v. *Blake*, 110 Mass. 302.

By a written agreement executed at the same time, though not under seal, the parties were to be holden in full for the note.

*John F. Lynch and W. R. Pattangall*, for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. This is an action against the executors of one of the joint makers of a promissory note. The note was signed by L. Leighton & Son, and indorsed, at the inception of the note and before its negotiation, by L. Leighton, H. M. Leighton and Isaac Carleton, the defendants' testator. They were therefore co-promisors.

The defense was, that the payee of the note, by an instrument under seal, had released and discharged from all liability two of the co-promisors, Levi Leighton and Horace M. Leighton, and that thereby the defendants' testator had been released.

The note in suit was dated October 29, 1892. On September 15, 1893, by an instrument under seal, Levi Leighton and Horace M. Leighton, both individually and as members of the firm of L. Leighton & Son, conveyed, transferred and assigned to the persons therein named all of their property of every description, except such as was by law exempt from attachment, in trust, to sell, dispose of and convert into money and to make a proportional distribution of the net proceeds thereof among such creditors of the assignors as became parties to the assignment, within the time limited.

The indenture of assignment contained this clause : " And the creditors whose names are hereunto subscribed, agree to said assignment and to receive their proportional shares of said property in full of all their claims against said parties of the first part and upon payment thereof they hereby relieve and forever discharge said parties of the first part from their respective claims."

The main question presented is as to the proper construction of this language in the indenture applicable to creditors who became parties thereto; whether it should be regarded merely as an executory agreement to release the assignors upon the subsequent proportional distribution of the property conveyed in trust for this purpose, a covenant not to sue, or as a then present release of the assignors from all further liability.

It is undoubtedly true that the tendency of authority is towards a more liberal construction of such instruments than formerly prevailed, and that the intention of the parties is to be obtained if possible by construing the instrument as a whole and by taking into consideration the circumstances and relations of the parties. It is not always an easy question to decide, but it is the opinion of the court that by the indenture under consideration the parties intended a present release.

The assignors conveyed all of their property without limitation or restriction, except as to that exempt by law from attachment, for the benefit of such creditors as became parties. This creditor, together with others who assented to the assignment, immediately acquired thereby something of value, and an advantage over other creditors who did not become parties. The consideration of the conveyance was the release of liability, and the consideration of the release, the immediate and unconditional acquirement by the creditors, who became parties, of all the property of the debtors.

The language adopted by the creditors shows, we think, an intention to then and there discharge and release the assignors from further liability. They assent to the assignment, they agree to receive their proportional shares of the property in full of their claims, and upon payment thereof they " *hereby* relieve and forever discharge said parties of the first part from their respective claims."

In *Tuckerman* v. *Newhall*, 17 Mass. 581, it was held that this language in an assignment for the benefit of creditors, "that the said creditors do severally agree and covenant . . . that they will receive their respective proportions of the moneys arising, etc., in full satisfaction of their several and respective demands, and will further release and discharge the said J. & I. Newhall from all further claims and demands upon them by reason thereof," should be construed as a present release.

In *Dickinson* v. *Metacomet National Bank*, 130 Mass. 132, in which there was an assignment for the benefit of creditors, it was held that the language used by the creditors, "we do hereby accept," and "we do hereby absolutely release," should not operate as a present release because other portions of the instrument clearly showed that the use of the present tense in the words quoted was incorrect and inaccurate and that this was not the intention of the parties. But in the case under consideration no other portion of the instrument shows a contrary intent from that to be obtained from the language adopted by the creditors.

This then being a technical release under seal of some of the joint promisors must be regarded as a discharge of all. *Hale* v. *Spaulding*, 145 Mass. 482, and cases cited; *Bradford* v. *Prescott*, 85 Maine, 482, and cases cited.

A release may be given to one of several joint debtors and all rights be reserved against the others, but that was not done in this indenture; nor does the instrument show any intention upon the part of creditors to reserve rights against other joint debtors or promisors.

The plaintiff offered in rebuttal the following agreement upon a separate paper:

"Columbia Falls, October 14, 1893.

It is agreed by the undersigned that by A. Merritt signing the assignment of L. Leighton & Son this day that it shall not debar or prevent Merritt from collecting on his notes full amount due.

H. M. LEIGHTON.

JOHN L. DALOT, Assignee."

Merritt was the payee and holder of the note at the time of the assignment and at the date of this agreement. This case does not

show how or under what circumstances this agreement was signed and given to Merritt, but we think that it may be fairly inferred that it was a secret agreement, made to induce him to assent to the assignment and without the knowledge of the other creditors. It was repugnant to the terms of the indenture of assignment and was a fraud upon the other creditors. It is therefore void. *Ramsdell* v. *Edgartown*, 8 Met. 227.

The direction of the court to return a verdict for the plaintiff for the amount due upon the note was, therefore, erroneous.

*Exceptions sustained.*