ANDREW CHAMBLESS, adm'r, &c., plaintiff in error, vs. HUDSON D. TABER, defendant in error.

Where the defence at law is legal, and not equitable, and the means of establishing it, by proof, ample, Chancery will not interpose by injunction to stay the proceeding.

It is the right of the party to amend, but the *duty* of the Court to prescribe the terms ; and Courts should exercise this duty so as to discourage negligence and delay in the management of cases.

Equity, from Worth county.   Injunction.   Before Judge LAMAR, at chambers.

Hudson D. Taber, the complainant, alleged in his bill, that on the 18th March, 1849, he purchased of Daniel Harris, lots of land Nos. 204 and 205, in the 15th district of Worth, for which he received the said Harris' deed, and he was then and there in the possession of the same.   That said Daniel Harris executed said deed to complainant under and by virtue of a deed to him from Jesse Harris, the father of said Daniel, which said deed was left at Vienna to be recorded by the Clerk, when the same was destroyed by the fire, in the burning of the court-house there in the year 1847.   That

complainant took possession of these lots under the deed from said Daniel, and continued therein until the present time, and that said Jesse Harris commenced his action of ejectment in the Superior Court of Worth county, for the recovery of said lots, and as complainant is advised and believes, for the fraudulent purpose of getting the land, he well knowing that the legal title was in said Daniel, and that said Daniel had sold the same to complainant, and that on the trial of said ejectment cause, verdict was rendered against complainant, in favor of Jesse Harris, for said premises and *mesne* profits, and complainant entered an appeal.    That said Jesse died, and Andrew Chambless was duly appointed administrator of said deceased, and that said ejectment cause is now pending in the name of said administrator.

The bill prays for discovery, and an injunction against said ejectment cause.    The same was granted by Judge LAMAR, and to the granting of said injunction and sanction of said bill, defendants by their counsel except and assign error.

LOTT WARREN, for plaintiffs in error.

PETER J. STROZIER, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

We must think the injunction in this case was improvidently granted.  We concede that the injunction was applied for in time, under the 9th rule of Chancery Practice; that is, thirty days before the Court to which the bill is returnable. The affidavit was made five days before the time had expired.    Still it was a dilatory proceeding, considering the length of time this suit had been pending.

But why resort to equity when, from any thing that appears in the bill, the remedy at law was complete?    The defendant does not allege that any discovery is needed to establish his deed.    Jesse Harris is dead, and he cannot.    It does

not appear but that the subscribing witnesses to the deed from Jesse to Daniel Harris are in life; or other persons fully able to establish the deed if it ever existed, either in a direct proceeding instituted for that purpose, or to prove its contents on the trial at law, so as to defeat the action of ejectment against the complainant.

Why then resort to Chancery? This is a legal, and not an equitable, defence, and no discovery is sought.

The order of the Court granting the injunction is reversed. Nor should any amendment to the bill be allowed, except upon terms; namely: the payment of cost and requiring the amendment to be made at an early day, so as to prevent delay.

Judgment reversed.