### WELDON *et al. v.* AYERS.

COBB, J. 1. A surety upon a promissory note, who signs the same in ignorance of the fact that the contract between the payee and the maker is one providing for the payment of usury, is not, because this fact is concealed from him, discharged altogether from liability on the note. By a proper plea of usury the surety may prevent a recovery against him of a sum greater than the principal of the debt and legal interest thereon.

2. In the absence of a proper plea of usury, setting forth the facts necessary to determine the exact amount of usury contracted to be paid, so that the same may be set off against the amount sued for, a judgment in favor of the plaintiff for the latter amount is not contrary to law.

3. The verdict rendered in favor of the plaintiff in the justice's court was, under the facts appearing at the trial, the only proper verdict that could have been rendered ; and the court did not err in overruling the certiorari, which complained merely that the verdict was contrary to law and the evidence.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided July 22, 1902.

Certiorari. Before Judge Holden. Hart superior court. November 29, 1901.

In a justice's court suit was brought upon a promissory note, a copy of which was attached to the summons, against Baker as principal, and Weldon and another as sureties. The note contained a waiver, by the principal and the sureties, of any and all homestead or exemption rights. The sureties pleaded, "that said plaintiff charged, demanded, and collected from defendant J. W. Baker interest at a greater rate than 13%, all of said sums charged, demanded, and collected by plaintiff from defendants exceeding 8% being usury and contrary to law; that said defendants signed said note without knowledge in any way that a greater rate of interest than 8% had been charged, demanded, or collected by plaintiff from defendant, thereby increasing defendants' liability as securities." The plea did not otherwise indicate that the sureties were setting up that they were not bound because the waiver of homestead and exemption was rendered void by the concealed usury in the note. The evidence in the record tends to show that one of the sureties was ignorant, at the time of signing, of the fact of usury charged in the note, and that the other understood that 12 per cent. was charged. A verdict for the plaintiff was rendered. In a petition for certiorari the sureties averred that the verdict was contrary to

law and evidence.    The certiorari was overruled, and the sureties excepted.

*O. C. Brown,* for plaintiffs in error, cited 27 *Ga.* 565.; 63 *Ga.* 31; 77 *Ga.* 343; 81 *Ga.* 691; 89 *Ga.* 115, 385; 91 *Ga.* 319.

*James H. Skelton,* contra.