## LOCKWOOD v. MUHLBERG.

1. Those sections of the code (Civil Code, § 2955; Pol. Code, § 755) which give to municipalities the right to define by ordinance the powers and privileges of pawnbrokers and to exercise over them general control, do not confer upon such corporations the power to allow pawnbrokers to charge usury.

2. A renewal thereof does not divest a usurious contract of its taint, although the illegal interest thereon to the date of renewal be then fully paid.

Argued November 14, 1905.—Decided January 12, 1906.

Trover. Before Judge Cann. Chatham superior court. April 7, 1905.

*Simon N. Gazan,* for plaintiff.
*Osborne & Lawrence,* for defendant.

BECK, J. Lockwood brought suit in trover to recover certain articles alleged to be in the possession of Muhlberg. It appears from the record that Muhlberg is a pawnbroker, that the plaintiff had pawned with him the articles mentioned, as security for advances of money, and that Muhlberg had charged Lockwood ten per cent. a month as interest on the sums thus advanced. After paying interest at the rate named until he had more than paid the amount advanced, together with interest on the same at the rate of eight per cent. per annum, Lockwood demanded the return of his property, and, upon Muhlberg's failure to comply, brought this action. In his defense Muhlberg relied upon an ordinance of the City of Sa-

vannah, which is in part as follows: "Upon all articles of personal
or real estate pawned, pledged, or deposited as collateral, the pawn-
broker may advance such sum as may be agreed on with his cus-
tomer, and charge no more interest than at the rate of seven per
cent. per month on loans of twenty-five dollars and upwards, and ten ·
per cent. on loans of smaller amounts." Upon the trial the facts
proved were, in substance, as set forth above. The plaintiff ob-
jected to the introduction of the ordinance in evidence, on the
ground, among others, that "the second section of said ordinance
is a special law in conflict with a general existing law of the State
of Georgia which fixes the rates of interest to be charged on money
loaned or advanced, and that the City of Savannah, a municipal
corporation, had no power to pass such ordinance. The ordinance
allows interest at 10 per cent. a month, or 120 per cent. a year, on
a dollar, when the general State law allows but 8 per cent. per year,
the ordinance thus contravening the general State law, and for that
reason is unconstitutional, inoperative, and void." The court over-
ruled the objection and admitted the ordinance in evidence; where-
upon the defendant moved that a verdict be rendered in his favor,
and this motion the court granted. The plaintiff assigns these rul-
ings as error.

In addition to insisting upon the validity of the ordinance, the
defendant contends that on August 27, 1904, several months after
the articles were pawned, the plaintiff made new contracts of pawn
with the defendant, paying to him at the time all interest to that
date; and that the contracts as thus made amounted to an accord
and satisfaction, and extinguished any cause of action which the
plaintiff might have for the recovery of usury.

1. The main question for our determination is whether or not a
municipality can by ordinance allow pawnbrokers to charge usurious
interest, under the general terms of the statute giving to municipali-
ties the right to "define by ordinance [pawnbrokers']powers and
privileges, impose taxes upon them, revoke their licenses, and exer-
cise such general superintendence as will insure fair dealing between
the pawnbroker and his customer." (Civil Code, §2955; Political
Code, §755.) Or, in other words, does the right to "define by
ordinance their powers and privileges, . . and exercise such gen-
eral superintendence as will insure fair dealing between the pawn-
broker and his customer," authorize a municipality to make legal

that which the law in plain terms forbids? We think not. It has long been settled that municipalities can not make valid ordinances inconsistent with the statutes or general laws of the State, without express legislative authority. (See Tied. Mun. Corp. §146; *Haywood* v. *Savannah,* 12 *Ga.* 404.) · And the rule is general that the powers granted to municipal corporations are to be strictly construed; and if there is a reasonable doubt of the existence of a particular power, the doubt is to be resolved in the negative. 21· Am. & Eng. Enc. L. (2d ed.) 950, and cit. "The intent of the legislature should be sought for in every instance, and carried out if possible; but the courts have generally favored the common-law rule, that municipal, like all grants of power from the State, are to be construed in favor of the State, and against the grantee, whenever a reasonable doubt exists." Tied. Mun. Corp. §110. See also Dill. Mun. Corp. §88; McQuillin's Mun. Ord. §48. It could hardly be contended that there does not exist a reasonable doubt of a city's right, under the statute quoted, to allow pawnbrokers to charge usury. Before such construction could be placed upon the statute it must appear that the law has recognized pawnbrokers to be its special wards in the matter of charging interest, who, by long and uninterrupted practice, have acquired the right to demand a rate of interest in excess of that allowed by law. And this does not appear. We therefore hold that the city had no authority to pass the ordinance with reference to the amount of interest it permitted pawnbrokers to take, and that the ordinance, in so far as it attempts to regulate and prescribe the rate of interest to be charged by pawnbrokers, is void.

2. We entertain no doubt as to the defense of accord and satisfaction. It is wholly without merit. It was shown upon the trial that the contracts executed on August 27, 1904, were simply renewals of the old debts, and that those original debts were tainted with usury. A renewal of a contract infected with usury and the payment of the illegal interest to the date of renewal, can not divest the contract of its taint. "Where the original transaction was usurious, the usury infects all the securities given in renewal of the same debt, however varied in form and amount, and the law applies all payments made on the debt to the principal and legal interest." *Archer* v. *McCray,* 59 *Ga.* 546.

· *Judgment reversed. All the Justices concur.*