## TOWN OF BLACKSHEAR *v.* STRICKLAND.

If a municipal ordinance undertaking to prescribe fire limits and to impose restrictions upon the erection of buildings of inflammable material be in part invalid because the municipal authorities are without charter power to enforce some of its provisions, and if to enforce such only of its provisions as are valid will not carry out the general scheme adopted by such authorities with a view to affording necessary protection to all property exposed to more than ordinary fire risks, the whole ordinance must be declared inoperative.

Submitted July 16,—Decided August 13, 1906.

Injunction.   Before Judge Parker.   Pierce superior court. June 30, 1906.

The plaintiff below, Arloa M. Strickland, is the owner of a tract of land in the Town of Blackshear which has a frontage of 173 feet on Park Avenue.   Some sixty days prior to the filing of her petition on June 25, 1906, she entered into an agreement with a contractor to erect three frame dwellings on her premises, and he has one of the buildings nearly framed and has procured help and material so as to be ready to begin the others.   On June 4, 1906, while the work was in progress, the town council made an abortive attempt to pass an ordinance prohibiting the erection, within certain prescribed fire limits, of any house built of wood, without the permission of the mayor and council, and providing that houses built of that material should not be nearer than eighty feet.   About this time the plaintiff caused a small quantity of brick to be hauled upon the lower end of her lot and commenced work on the piers of the two houses she intended there to erect.   At a called meeting of council on June 6, the ordinance above referred to was passed, and the town marshal, by direction of the mayor and council, at once stopped the workmen from continuing work on the buildings in accordance with the contract between plaintiff and the contractor.   In her petition the plaintiff attacked the ordinance as being illegal and void, and prayed that the Town of Blachshear be enjoined from enforcing it against her or further interfering with her use and enjoyment of her property.   An interlocutory injunction was granted and the defendant assigns error upon the judgment rendered against it.

*Leon A. Wilson,* for plaintiff in error.
*R. G. Mitchell Jr.,* contra.

· EVANS, J. (After stating the facts.) The charter of the Town of Blackshear confers upon the mayor and town council power to establish fire limits and to prohibit the erection within those limits of such wooden buildings as will, in the opinion of the town authorities, increase the fire risks. Acts of 1905, p. 651, sec. 26. Whether or not there has been a valid and lawful exercise of this power is the controlling question in the case. The ordinance adopted by council declared: "That no house or houses shall be built within the corporate limits of said town nearer than seventy (70) feet to another building; provided, however, that the territory or portion of Blackshear included in the following bounds be declared to be the fire limits of said town, to wit: Commencing at a point on the street running by the residence of S. F. Memory opposite the south corner of the cemetery, extending from thence in a southwest course to a point opposite residence of G. W. Taylor, from thence in northwest course to Strickland avenue, from thence in northeast course to a point opposite west corner of cemetery, and from thence in southwest course to point of beginning. That no house or houses shall be built within said fire limits of wood without permission of Mayor and Council and not nearer together than eighty (80) feet; that no house shall be erected within said fire limits without first getting a permit from Clerk of Council, which permit must be approved by the Mayor; that any violation of above ordinance shall be a violation of the town ordinances and punished as such; provided that there shall be nothing in this ordinance prohibiting the erection nearer than eighty feet of business houses or houses for manufacturing purposes, when built of brick or other material not more inflammable and covered with metal or fireproof roofing, when within strictly the business portion of town."

In so far as council undertook to declare that no house should be built anywhere within the corporate limits of the town nearer than seventy feet to another building, although wholly outside of the designated fire limits, it is clear that the municipal authorities of the town exceeded its charter powers. They could only provide regulations concerning the erection of buildings within the fire limits, the establishment of which was left to their discretion. The proviso of the ordinance as to the erection of buildings within the prescribed fire limits exempted business houses and houses for manufacturing purposes, and no other kind, even though built of non-

combustible material.    Under this proviso, a brick residence, thoroughly fire-proof, could not be erected within the fire limits.    Such an arbitrary and unreasonable exercise of the power conferred upon the municipal council can not be upheld.    City of Newton *v.* Belger (Mass.), 10 N. E. Rep. 464; McQuillin, Mun. Ord. §§ 183, 184. That part of the ordinance which relates to the erection of wooden buildings is so intertwined with and dependent upon this unreasonable proviso and the unauthorized attempt to regulate the erection of houses outside of the designated fire limits that the whole municipal scheme could not be carried out if only that part of the ordinance which prohibits the building of houses nearer together than eighty feet within those limits should be enforced.    This being so, the ordinance can not be upheld as to that part only, and declared to be in all other respects invalid.    *Elliott* v. *State,* 91 *Ga.* 694, 696. Presumably the mayor and council fixed the fire limits with reference to all of the provisions of the ordinance, and would not have restricted them within the boundaries designated if advised that the requirement as to leaving a space of seventy feet between all houses outside of those limits could not be legally enforced.    The municipal authorities were not empowered to establish a system of concentric fire limits and grade the restrictions placed upon buildings according to their respective distance from the centre of the town. What was to be regarded as the "strictly business portion of the town" was not made apparent by the wording of the ordinance. The fire limits should have been definitely established with reference to the necessity of guarding against the spread of fire in that portion of the town within which the erection of wooden buildings was thought to increase the fire risks; and regulations, to operate uniformly upon every part of the territory included within the fire limits so designated, should have been provided, irrespective of whether all or any part of this territory lay within what might be colloquially termed the "strictly business portion of the town." The charter authorized the council to enact a law of necessity, not one looking specially to the protection of that portion of the town, rather than other sections not devoted to business affairs but equally exposed to increased fire risks incident to the erection of buildings of inflammable material.    Our conclusion therefore is that the judge of the trial court took the correct view of the ordinance, and

exercised a wise discretion in enjoining the municipality from undertaking to enforce it against the complaining property owner.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*