### 415, 416. FURR v. KEESLER et al.

1. A plea which alleges, that the defendants signed the note sued on, which contained a waiver of homestead, merely as surety for the principal maker; that the note on its face bore interest at eight per cent. per annum; that the principal of the note was $125 and the time one year; that, unknown to them, the payee, in addition to taking the full lawful interest, reserved or took, at the time the note was delivered, $25 usury, whereby they were released, is good in substance.
2. While to constitute usury it is essential that there should be at the time the contract is executed an intent on the part of the lender to take or charge for the use of the money a higher rate of interest than that allowed by law, yet this intention, and the device or contract whereby usury is to be taken or reserved, may be shown by circumstantial as well as by direct proof. There was sufficient evidence to justify the verdict.

Appeal, from Habersham superior court—Judge Kimsey. January 30, 1907.

Argued June 29,—Decided December 9, 1907.

J. C. Edwards, for plaintiff.

C. R. Faulkner, McMillan & Erwin, for defendants.

POWELL, J. J. C. Acrey, R. M. Keesler, and S. O. Keesler executed two joint promissory notes with homestead waiver, for $62.50 each, payable one year after date, at eight per cent. per annum, and made them payable to Mrs. H. M. Edwards or bearer. Furr sued upon them as bearer. However, he took the notes after maturity, and the defendants were therefore allowed to set up any defense they might have asserted against the original payee. Acrey was not served. The two Keeslers pleaded and proved that they were securities only. They further pleaded, "That the notes were given for $125. That as soon as the money was paid over to J. C. Acrey, he paid back to Edwards $25, which amount was usurious. That the notes bear interest on their face for eight per cent. from date. That the whole of the $25 is usury. That the defendants R. M. and S. O. Keesler did not know of the contract of usury until after they had signed the notes. That they were released from the notes by the usury that was in it." The evidence for the plaintiff showed that after the notes had been executed and the $125 paid by Mrs. Edwards to Acrey, he handed her the notes and also $25 of the money, saying, "Here is the interest on these notes." The securities, when they signed, were ignorant that more

than lawful interest was to be charged. Mrs. Edwards testified that the $25 was not paid as interest on the notes, but was paid upon a different transaction. The trial judge submitted the question fairly and clearly to the jury, which returned a verdict for the defendants.

1. It is insisted by the plaintiff that the plea of the defendants was legally insufficient to justify a submission to the jury of the question whether the securities were discharged by the alleged contract of usury unknown to them; also that there is no proof sustaining a finding in the defendants' favor on this question. We think the plea was sufficient. The fact of suretyship was alleged in a portion of the plea prior to that quoted; it appeared on the face of the record that the note contained a homestead waiver, that the principal of the debt was $125, the time one year, and therefore that the maximum interest legally collectible under the contract was $10; also it appeared from the note itself that interest from date at the maximum rate was to be paid at maturity together with the principal; the plea alleges that there was a contract to take the $25 as usury, and that this was unknown to the sureties, and they were therefore released. Having pleaded specifically a release from the contract by reason of the facts stated, it was not necessary for the plea also to set up that of which the court will take judicial cognizance, namely, that under the law such a state of facts does operate to release a surety. A cursory examination of the first headnote in the case of *Weldon* v. *Ayers,* 116 *Ga.* 181 (42 S. E. 473), is likely to convey the impression that a plea such as the one now under consideration is not sufficient; however, a closer examination of that case will show that such is not the ruling there. It must be remembered that the security, under the circumstances named, has the option of claiming a total release from liability, or of merely demanding an expurgation of the unlawful interest. If he insists upon a release, he should set it up in his pleading; and when he adverts to the usury but does not assert a release, the court may presume his willingness to pay the principal and lawful interest. In the *Weldon* case no release was asserted; in the present case it is pleaded.

2. While, as ruled in the case of *Bellerby* v. *Goodwyn,* 112 *Ga.* 306 (37 S. E. 376), "to constitute usury, it is essential that there be, at the time the contract is executed, an intent on the part of the lender to take or charge, for the use of money, a higher rate of

interest than that allowed by law," still this intent and the usurious device or agreement may be shown by circumstantial as well as by direct testimony. The trial court very fairly submitted this question to the jury, and their finding is, as to us, final. The case of *Walker* v. *Hillyer,* 124 *Ga.* 857, cited by counsel for plaintiff in error, is not applicable to the facts here. The doctrine there announced is applicable only where the defendant, by his conduct or by his silence at a time when disclosure is in good faith demanded, has induced the plaintiff to buy the note in ignorance of the defense afterwards sought to be asserted.        *Judgment affirmed.*