### 4113.   CAMP *et al. v.* PEOPLES BANK.

HILL, C. J.   1. The plea of usury as amended was sufficient as a plea of usury, under section 5674 of the Civil Code (1910), and the trial judge erred in sustaining the demurrer filed to it on the ground of insufficiency. *Furr* v. *Keesler,* 3 *Ga. App.* 188 (59 S. E. 596).

2. The amendment made to the original plea set up no new facts or defense of which notice was not given by the original plea. It simply

amplified the allegations of the original plea, so as to correct its deficiencies on the subject of usury; and therefore the verification required by section 5640 of the Civil Code was not necessary.

3. The second amendment offered, which amendment set up as a defense that the defendants were sureties on the note sued on, and had no notice or knowledge of the fact that the notes were infected with usury, and that the notes contained a waiver of homestead or exemption, and therefore the defendants were released from liability on the notes, was properly disallowed, since it contained new facts or a defense of which notice was not given by the original plea as first amended, and was filed after the time for answer had expired, and was not verified as required by section 5640 of the Civil Code.

4. The issue made by the plea as amended, setting up usury in the note sued on, was sufficient to allow proof of the allegations contained in the plea, and should have been presented to the jury.

*Judgment reversed.*

DECIDED OCTOBER 22, 1912.

Complaint; from city court of Carrollton—Judge Beall. March 12, 1912.

The Peoples Bank sued B. F. Camp and A. S. Camp on a promissory note signed by the defendants and payable to the plaintiff. The note was for $2,694.49 principal, and interest from date at the rate of eight per cent. per annum, and was dated July 7, 1910, and contained a waiver of homestead. The defendants filed a plea as follows: Defendants say they are not indebted· to the plaintiff in the sum alleged, for that the note sued on is a renewal of original notes for $2,500; that said original notes bore interest at the rate of 12 per centum, and contained a provision for interest at said rate, and were in violation of revised statutes of Georgia of 1910, section 3436, and, by reason of such usurious interest, plaintiff forfeited all interest on such original notes; that on the original notes interest was calculated, charged, and collected at the usurious rate of 12 per cent. per annum up to July 7, 1910, when the note sued on was given; that when the note sued on was given there had been paid interest approximately $500, and interest was included in the note sued on of $194.49, making a total of interest collected and charged of approximately $694.49, which these defendants plead as a set-off against the demand of plaintiff herein, in addition to the credits of $495 and $143 indorsed on said note. The amount of interest at 12 per centum is stated to the best information of these defendants and is approximately correct. Defendants are unable to give the exact amount, because the original notes for $2,500, with the credits thereon indorsed, are in the pos-

session of the plaintiff, who kept and still keeps, said notes. That the interest was at the usurious rate of twelve per cent. defendants are certain. To this plea the plaintiff demurred: (1) because defendants allege that the note sued on is a renewal of an original note, yet do not set out what the original note was, which should be set out in full; (2) because defendants claim as a set-off the entire amount of interest on the note sued on and the note they claim as an original of this note, when there is no law in this State under which they could claim such set-off; (3) because the plea is not sufficient in law, for the reason that it does not set out the details of the alleged usury, as required in section 5674 of the Code of 1910. The court passed an order sustaining the demurrer, unless the plea should within twelve days be amended to meet the grounds of the demurrer.

The defendants amended the plea as follows: For special plea of usury defendants say, that the claim sued on in this case represents a balance of an indebtedness contracted by the Camp Drug Company, upon which these defendants were merely sureties, the usury in said indebtedness arising on the following facts, to wit: On January 4, 1910, Camp Drug Company borrowed from the plaintiff the sum of $3,000, and these defendants signed notes therefor as sureties of said Camp Drug Company; that said notes were payable in instalments falling due monthly; that each of said instalments was for $100, with interest thereon; that in giving the notes for the monthly instalments the interest was counted therein; that said notes have been taken up, lost, or destroyed, so far as these defendants know, except the note due April 1, 1910, which note was dated January 4, 1910, was for the sum of $102.50, and was due on April 1, 1910, and was upon a form of note which is the same as that attached to the plaintiff's petition; that said note bore interest after maturity at 8 per cent., but interest prior to maturity was included therein; that interest on $100 from January 4 to April 1 at 8 per cent. was less than $2, the time being less than three months; that plaintiff inserted in said note, and charged these defendants, and attempted to collect from them, interest on said $100 to the amount of $2.50, which was usurious, in excess of 8 per cent., and in violation of the laws of the State of Georgia; that each of the notes given for said $3,000 bore such excessive rate of interest, and usurious interest was collected on

each of said notes, and each of said notes matured in monthly installments, the first one maturing February 1, 1910, and the remaining notes maturing, as these defendants are informed and believe, one in each month thereafter for 23 additional months; that on July 7, 1910, all of the original notes for the $3,000 and the usurious interest were taken up, and there was counted in the indebtedness for which the new note was given said usurious interest, amounting to $60, which sum was an illegal exaction and usurious, and for which sum these defendants are entitled to a set-off against the plaintiff; and they pray that they recover their set-off.

When the case was called for trial at a subsequent term of the court, counsel for the plaintiff moved to strike the plea as amended. Counsel for the defendants then offered an amendment of the nature indicated in the foregoing decision (paragraph 3). The court, on objection, refused to allow this amendment, sustained the motion to strike the plea as amended, and, after the note sued on had been introduced in evidence, directed a verdict against the defendants for the amount sued for. They excepted to the rulings stated.

*Watkins & Latimer, C. E. Roop,* for plaintiffs in error, cited: 3 *Ga. App.* 188; *Id.* 69; 89 *Ga.* 115; *Id.* 385; 91 *Ga.* 319, 321; 101 *Ga.* 283, 257; 59 *Ga.* 546, 549; 83 *Ga.* 156, 160; 124 *Ga.* 660, 662.

*R. W. Adamson, Griffith & Matthews, S. Holderness,* contra, cited: Civil Code (1910), § 5674; 26 *Ga.* 167.