24192. MARTIN *v.* CITY OF DUBLIN.

DECIDED NOVEMBER 13, 1934.

*Joseph J. Chappell,* for plaintiff.
*W. W. Larsen Jr., C. C. Crockett,* for defendant.

GUERRY, J. It is apparent that the ordinance of the City of Dublin making it unlawful for any person, firm, or corporation to use the streets, lanes, thoroughfares, or alleys of the municipality "for the purpose of selling or offering for sale thereon from any horse-drawn or motor-vehicle, or otherwise transported, any fruit, vegetables . . of any kind or character," without paying a license fee "for the use of said streets," and for failure of any person, firm, or corporation "selling or offering for sale upon the streets, lanes, thoroughfares, or alleys" of the municipality "any fruits, vegetables, . . whether said article be transported by horse-drawn vehicles, or otherwise transported," without first registering at the office of the chief of police of said City of Dublin, giving certain information *and giving bond* payable to the City of Dublin, "which shall be conditioned to pay any person who may be injured or damaged by having purchased such food products of an inferior or injurious type, or of the type which would be dangerous for human consumption, which said bond shall be approved by either the chief of police or the mayor of the City of Dublin," and upon complying with the above requirements to obtain from the chief of police or some other person lawfully empowered a certificate authorizing such person, firm, or corporation to sell such products, is both in letter and spirit in conflict with that provision of the general tax act of 1927 (Ga. L. 1927, p. 82), as amended by the act of 1929 (Ga. L. 1929, p. 62), which reads as follows: "Upon every peddler or traveling vendor of any patent or proprietary medicine or remedies, or appliances of any kind, or special nostrum, or jewelry, or stationery, or drugs, or soap, or of any kind of merchandise or commodity whatsoever (whether herein enumerated or not), peddling or selling any such goods or articles or other merchandise, in each county where the same or any of them are peddled, sold, or offered for sale, $50. Provided, that no vendor or peddler of perishable farm products, including products of grove and orchard, shall be required, under this paragraph or any other of this act, to pay any license fee or tax, State, county or municipal." See, in support of this conclusion, *City of Atlanta* v. *Kirk,* 174 *Ga.* 763 (164 S. E. 64) ; *City of Newnan* v. *Atlanta Laundries Inc.,* 174 *Ga.* 99 (162 S. E. 497, 87 A. L. R. 507) ; *Mayor &c. of Savannah* v. *Ellington Co.,* 177 *Ga.* 149 (170 S. E. 38) ; *City of Albany* v. *Ader,* 176 *Ga.* 391 (168 S. E. 1) ; *City of Waycross* v. *Bell,* 169

*Ga.* 57 (149 S. E. 641); *Lockwood* v. *Muhlberg,* 124 *Ga.* 660 (53 S. E. 92); *Wright* v. *Macon,* 5 *Ga. App.* 750 (64 S. E. 807); *City of Cartersville* v. *McGinnis,* 142 *Ga.* 71 (82 S. E. 487, Ann. Cas. 1915D, 1067); *Shurman* v. *Atlanta,* 148 *Ga.* 1 (95 S. E. 698); *Wright* v. *Atlanta,* 54 *Ga.* 646; *Felton* v. *Atlanta,* 4 *Ga. App.* 183 (61 S. E. 27); *Town of Blackshear* v. *Strickland,* 126 *Ga.* 492 (54 S. E. 966). It follows, therefore, that the conviction of the defendant for violating the terms of such ordinance can not be upheld.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*