### 1145, 1152.   McDANIEL *v.* AKRIDGE.

A married woman can not make any contract of suretyship binding her separate estate; and, therefore, where a married woman is sued as one of the joint makers of a promissory note, and pleads her marriage and suretyship as a defense, and the only conclusion legally deducible from the evidence is that she signed the note as surety, a verdict against her is contrary to law.

Complaint, from city court of Camilla—Judge Scaife.   March 7, 1908.

Submitted July 2,—Decided November 24, 1908.

*Davis & Merry,* for plaintiff in error.

*Bennet & Cox,* contra.

HILL, C. J.   Albert Akridge brought two suits in the city court of Camilla, one suit being on a promissory note for $70, made by Jule Bonds, L. E. McDaniel, and Mrs. M. S. McDaniel, and the other suit against John Hudson, L. E. McDaniel, and Mrs. M. S. McDaniel, on a promissory note for $138.45. The two cases were consolidated in the trial court, and the jury found a verdict against the defendants in each suit. Separate motions for a new trial were made, in each of which Mrs. M. S. McDaniel was a movant, and the motions being overruled, she sued out two separate writs of

error to this court. The questions made in both cases are identical, and the decision of this court thereon will apply to both. Several assignments of error are contained in the motions for a new trial, but the principal defense relied upon by the plaintiff in error, in the court below and in the argument here, is that she signed both notes as surety, and that, as she was a married woman at the time, the notes could not be enforced against her. If her contention in this respect is the only legal conclusion that can be drawn from the evidence, the other questions made by the record are immaterial.

In reference to the making of the notes, the plaintiff in the court below testified as follows: "Jule Bonds and John Hudson worked with me during the year 1905, and at the end of the year they owed me the amount represented by these notes. They wanted to leave me; said they could get some one to take up their accounts. I went with them to see Mrs. M. S. McDaniel and L. E. McDaniel, the defendants in this case, and they agreed to give me their notes in settlement of the accounts, and this I agreed to accept, but I understood that Mrs. M. S. McDaniel was one of the principals in the case. She was the party who owned the land and other property, and I understood that the negroes were to work on her place, and she was the only one I was considering in the transaction. L. E. McDaniel, her husband, owned no property, and I did not consider his name worth anything, neither that of Jule Bonds and John Hudson; as they were all insolvent. Mrs. M. S. McDaniel and L. E. McDaniel gave me their notes in settlement of the accounts, the same being the notes sued on. Mrs. M. S. McDaniel was the principal, and not L. E. McDaniel, and there was no understanding that she would sign the notes as security, or anything like that." L. E. McDaniel testified, that both he and his wife signed the notes as security for the principal makers, Jule Bonds and John Hudson, and that this fact was known to the holder of the notes at the time that she signed them; that she did not receive any consideration for signing the notes.

The testimony of the plaintiff in the court below clearly and conclusively shows that Mrs. M. S. McDaniel was surety on the notes; and this being true, the verdict against her is contrary to law. Civil Code, §2488. The nature of the instruments sued on and which were signed by the married woman is not to be deter-

mined by the statement of the payee that she did sign the same as principal, and not as surety, nor by the statement that he understood that she signed as principal, and not as surety. The real character of the instrument must be determined by the facts. Applying to these facts the definition of the Civil Code, §2966, of a contract of suretyship, we are clear that the conclusion is inevitable that the notes, in so far as the same apply to the obligation of the plaintiff in error, were contracts of suretyship. The debts for which the notes were given were the debts of Jule Bonds and John Hudson, which they owed the holder of the notes. The consideration for the notes was the credit or indulgence granted by the payee therein to the debtors.

But it is insisted that there was a consideration to Mrs. McDaniel, and that this consideration induced her to sign the notes, not as surety, but as principal. The only support for this position is the statement in the evidence of the plaintiff that he understood that the negroes were to work on her place. In her sworn plea she states, that it was understood and agreed between her and the plaintiff, at the time of the execution of the notes and subsequently thereto, that she was not to be liable for the payment of the notes, unless the two negroes remained in the employ of her son, R. P. McDaniel, and worked and gathered a crop of corn and cotton, etc., for the year 1906, and that she would not be liable on the notes if the negroes failed to make a sufficient amount out of said crop, over and above making the expenses of the same, to pay the notes. She sets up, in her plea, that the two negroes utterly failed and refused to carry out the contract and work for her son, and that, therefore, the consideration inducing her to sign the notes had utterly failed. This question is fully covered by the decision of this court in *Purcell* v. *Armour Packing Co.,* 4 *Ga. App.* 253 (61 S. E. 138). Therefore, in any view of the evidence, her relation to the notes, in so far as any present consideration was concerned, was that of a surety; and for this reason the verdict against her is contrary to law, and the court should have granted her a new trial.          *Judgment reversed.*