## 4467. McDaniel v. Akridge.

POTTLE, J. 1. This was a suit upon a promissory note executed by a married woman and two other persons. The married woman defended on the ground that she was surety upon the note. When the case was before this court at a previous term, the testimony was held to demand a finding that the note was given for a debt due by one of the makers other than the married woman, and that the consideration of the note was credit or indulgence extended to the' principal debtor. *McDaniel* v. *Akridge*, 5 *Ga. App.* 208 (62 S. E. 1010). The testimony in the present record authorized a finding that the married woman signed the note as principal, in consideration. of the release of the principal debtor, who was an employee of the payee in the note, and who agreed to work as a farm hand upon the plantation of the married woman. The benefit which thus flowed to her was a sufficient consideration. *Wilson* v. *McDougald*, ante, 74. If the principal debtor was released, and the married woman, upon the consideration above mentioned, executed the note in settlement of the debt, this was an original undertaking on her part, and she was ·bound as principal, notwithstanding the · original debtor may have signed the note apparently as a joint principal, if he did so at the instance of the married woman and in reality as a surety for her.

2. While an instruction to the jury, based upon the theory that the account of the principal debtor had been transferred to the married woman, was not in strict accord with the evidence, there being no evidence that the account had been formally transferred in writing to her, this inaccuracy in the charge will not be held to be cause for a new trial, in view of the fact that the evidence authorized a finding that the account had been surrendered and the principal debtor released therefrom. The omission to transfer the account in writing in no wise affected the liability of the married woman on the note.

                                                  *Judgment affirmed.*

DECIDED DECEMBER 21, 1912.

Complaint; from city court of Camilla—Judge Dasher. September 21, 1912.

*E. M. Davis*, for plaintiff in error. *E. E. Cox*, contra.