## LEWIS, LEONARD & COMPANY v. BROWN et al.

1. Sureties signing with their principal a promissory note containing a waiver of homestead and exemption, are not bound by the instrument where this waiver on the part of their principal is void by reason of usury in the note of which they had no notice, the note having been prepared for signature by the creditor who inserted such waiver and delivered it to the principal for the purpose of having it executed, not by the principal alone, but by the sureties also. On this state of facts, the court did not err in directing a verdict in favor of the sureties in an action on the note brought by the creditor against them jointly with their principal. The secret taint in the note rendered the risk of the sureties greater than it would have been if the note had been pure.
2. Where there are several pleas pleaded and the court directs a verdict for some of the defendants, the direction should designate the plea on which to base it; but omitting such designation will not be cause for a new trial where the verdict is a necessary result of the evidence.
3. The case being controlled completely by the foregoing rulings, matters of defence relating to a mortgage taken by the creditor from the principal debtor are immaterial, and there was no error in denying a new trial                          *Judgment affirmed.*

March 26, 1892. Argued at the last term.

| 89 | 115 |
|----|-----|
| 89 | 385 |
| 89 | 115 |
| 94 | 698 |
| 89 | 115 |
| 99 | 139 |
| 99 | 264 |
| 89 | 115 |
| 101 | 287 |

Principal and surety. Waiver of homestead. Usury. Practice. Verdict. Before Judge ROBERTS. Pulaski superior court. May term, 1891.

Lewis, Leonard & Company sued Brown, Maulden and McKinney on a joint and several promissory note given by the defendants to plaintiffs, dated February 19, 1887, due October 1, 1887, for $148.71 with interest at eight per cent. from maturity and ten per cent. attorney's fees, with credit of $41.13, November 10, 1887. The note on its face gave no indication of suretyship, and contained the usual homestead waiver. The defendants pleaded not indebted. Brown pleaded usury. Maulden and McKinney pleaded that they were only sureties; and, further, that the note contained a waiver of homestead and exemption, which was a consideration moving and inducing them to sign it as securities, and

they were not aware the contract and note was usurious, or they would not have signed it; hence they are discharged, as their liability was thereby increased. There was also a plea that Brown gave to plaintiffs a mortgage to secure the debt upon the crop of Brown for 1887, which was not recorded in the time required by law, nor was there any attempt by plaintiffs to enforce it, and their liability was increased as such securities by plaintiffs, and they never would have signed the note had it not been for the giving of the mortgage. The plaintiffs demurred to the pleas except those of the general issue and usury, and moved to strike them as presenting no valid defence. This was overruled. Plaintiffs introduced the note, and closed. Lewis, one of plaintiffs, was introduced by defendants, and testified: The note was given in renewal of another which was dated at or about the time stated in the plea, November 6, 1885. The old note was for $100 borrowed from witness by Brown at that time. When witness loaned the money he charged interest equivalent to about twenty-one per cent., and this rate entered into the old note and into the new one up to the time of maturity, and the present note represents the original $100 and interest thereon, less the credit of $41.13 on the present note, which credit was for a bale of cotton made that year by Brown on the mortgaged premises. Maulden and McKinney were securities for Brown, as witness would not trust him alone, and looked to them in giving the credit. There was no agreement to take a mortgage from Brown, and nothing was said about a mortgage until Brown brought witness the new note already signed by himself and the securities. Witness had filled out the printed form of the note for him and the securities to sign, and had given it to him a few days before. When he brought it back with the names of the securities on it he proposed to give witness a mortgage on his crop

to secure it, which witness accepted, filling out the mortgage for him.   Witness did not have it recorded, and made no attempt to foreclose it.   McKinney testified : Brown rented from him the land which Brown cultivated in 1887 ; it was about twenty-five acres, all in one field ; Brown planted both corn and cotton ; cotton in that climate was usually planted in March and April ; witness never saw any planted in February ; corn was generally planted in February and March, and he had known it planted as early as February 14th ; when planted so early it required about two or three weeks for it to come up, especially if the weather was cold ; he never saw a growing crop of corn or cotton in February ; did not know what particular twelve acres Brown mortgaged to plaintiffs.——At the conclusion of the evidence plaintiffs' counsel said he would not ask a judgment for any part of the usury, but would admit the facts stated in the plea as to the usury, and asked the court to direct a verdict against all the defendants for the principal and lawful interest only, including fees and costs.   The court refused this request, and directed the jury· to find a verdict for plaintiffs against Brown for principal, interest, costs and fees, excluding the usury, and further, to find generally in favor of the other defendants.   The plaintiffs excepted.

W. L. GRICE, for plaintiffs.

MARTIN & SMITH, for defendants.

BUSH & BROTHER *v.* RAWLINS.

89 117
p117 505

Inasmuch as a tenant is bound by law to pay to the landlord the stipulated rent when it becomes due, a promise by the latter in the rent contract that in consideration of the faithful and prompt payment of the rent, he will, as a gratuity on his part alone, present to the tenant as a premium for the prompt payment of the rent, and give to him as a gratuity, all the personal property rented