HOWARD *v.* JOHNSON.

91  319
99  264
91  319
101  287
91  319
f113 741

1. Where in an action against principal and surety the latter defends but the former does not, and the verdict is against the principal only for the amount of the debt sued for, the legal effect is a finding in favor of the surety and a judgment accordingly is not erroneous. Though a judgment declaring him to be discharged may be irregular in form, it is good in substance as a judicial announcement of the legal effect of the verdict as between the plaintiff and the surety.

2. The legal effect of usury in a promissory note, in preventing a surety from whom the usury is concealed from being bound by his undertaking, cannot be evaded by afterwards purging the note of usury by an arrangement between the creditor and the principal debtor, in which the surety takes no part and to which he does not assent.

3. The allowance of a leading question in the examination of a witness is generally matter of discretion and no cause for a new trial.

March 3, 1893.

Before Judge ATTAWAY. City court of Cartersville. March term, 1892.

Action against Willingham as principal and Johnson as surety on a promissory note dated January 13, 1891, for $200, due at ninety days, with interest from maturity at eight per cent., containing a waiver of homestead or exemption rights. The principal did not defend; the surety pleaded usury. The jury found for the plaintiff against the principal only; and the court entered up judgment discharging the surety from liability. The rendition of this judgment was assigned as error by the plaintiff, who alleged that the verdict did not authorize any judgment in favor of the surety. The verdict was in the form given by the court to the jury in the event they found the surety discharged.

The evidence shows that the principal borrowed the money for which the note was given, and received the amount thereof, less one per cent. per month interest for the time between the date and the maturity; that

he did not tell the surety of the interest or discount taken by the bank, and the surety did not know whether or not there was usury in the note and never heard so until after this suit was brought; that the principal was solvent when the note was given, and was insolvent at the time of the trial and had nothing on which he could take a homestead or exemption; and that he signed two receipts for the plaintiff and received the payments as therein stated. These receipts are without date, but show that they were given after this suit was brought. One of them acknowledges receipt of $2.15, by way of crediting the same on the note, " in full of the $2.00 extra interest in excess of eight per cent., charged on said note." The other acknowledges receipt of $1.00 by crediting same on the note, in consideration of which the principal waives homestead and exemption, etc. The court charged the jury that if the plaintiff received usury on the note from the principal, the surety was discharged, and that such discharge was not prevented by the plaintiff having since refunded to the principal the usurious interest, nor by the principal having since made a valid waiver of homestead. Error was assigned on this instruction, and on the refusal of the court to charge that if the surety knew when he signed the note that the plaintiff was charging usury, the plaintiff would be entitled to recover against him.

Another assignment of error is upon the overruling of the plaintiff's objections to testimony of the surety, viz: "State whether or not before or at the time you signed said note, if you signed it, you did or did not know or have any reason to believe that said note was an usurious contract." Answer: "I did not know before or at the time I signed said note that said note was a usurious contract, and I had no reason at the time to believe that the note was a usurious contract." The objections were, that the question propounded to the

witness was leading, and that the testimony was irrelevant and gave merely the mental conclusion and the opinion of the witness.

JOHN W. AKIN, by brief, for plaintiff.
ALBERT S. JOHNSON, for defendant.

BLECKLEY, Chief Justice.

1. The trial took place on a defence presented alone by the surety, the principal not defending; and the verdict rendered was in favor of the plaintiff against the principal only, and was silent as to the surety. This was in accordance with the form of verdict which the court instructed the jury to bring in if they found the surety was discharged or not bound. No doubt, superadding an express finding in favor of the surety would have made the verdict better in form; but in substantial legal effect the verdict was the same without this addition as it would have been with it. No one reading the whole record together, and intelligently construing it, would fail to understand that the jury considered the debt sued for as the several debt of the principal, and not as the joint debt of both defendants. The plaintiff claimed as against both; one defended, the other did not; the jury found for the plaintiff as against the latter only; this was equivalent to finding against the plaintiff as to the former. The judgment declaring the surety discharged may have been irregular in form, but it was good in substance, for it declared judicially the legal effect of the finding. In this respect it was quite as efficacious as would have been a judgment that the surety recover of the plaintiff his costs, which, on the verdict rendered, would have been good both in form and substance as a discharge of the surety.

2. It is now settled law in this State that concealed usury in a promissory note which contains a waiver of homestead or exemption, prevents a surety signing the

note with his principal from being bound by the in-- strument, provided he makes this defence in due time and proper manner. The defence cannot be evaded by any arrangement between the creditor and the principal, purging the note of usury, the surety taking no part in the same and not assenting thereto. The purgation made or attempted in this instance was not only after the execution of the note, but after suit on it was brought. Most certainly a contract which was without obligation as to the surety when it was made could not be rendered obligatory upon him by something done afterwards without his concurrence or co-operation, and which he has never ratified or adopted.

3. Granting that the question propounded to Johnson, the surety, was leading, the allowance of it was not cause for a new trial. Such details in practice are generally subject to the discretion of the trial court. The objection to the answer to this question, that it was not matter of fact but was matter of opinion merely, is without any color of merit. There was no evidence showing or tending to show that the surety had any notice or knowledge of the usury when the note was executed. The evidence showed he was ignorant of it.

*Judgment affirmed.*