## DENTON v. BUTLER & STEVENS.

*Simmons, C. J.*—1. A surety upon a promissory note secretly tainted with usury, of which fact he had no knowledge, is discharged from liability if it contained a waiver of homestead. This is so because the usury made the waiver void and thus rendered the surety's risk greater than it would otherwise have been. *Lewis* v. *Brown,* 89 *Ga.* 115; *Harrington* v. *Findley, Id.* 385; *Howard* v. *Johnson,* 91 *Ga.* 319.

2. In an action on such a note it is incumbent upon the plaintiff, in order to hold the surety liable, to prove affirmatively that he signed the note with knowledge of the usury.

July 20, 1896.  By two Justices.        *Judgment reversed.*

Complaint on note. Before Judge Sweat. Ware superior court. November term, 1895.

A promissory for $1,000, dated November 17, 1893, and due at thirty days, containing a waiver of homestead, etc., was executed by Spence & Co. to the South Georgia Bank of Waycross, and was indorsed by W. M. Denton. After it fell due it was assigned by the bank to the plaintiffs without recourse. Suit upon it was defended by Denton, on the ground that he was a surety and was discharged by usury having been taken by the bank. The court directed a verdict for the plaintiffs, and overruled Denton's motion for a new trial.

The member of the firm of Spence & Co. who signed the note testified: The indorsement was an accommodation indorsement. The makers discounted the note, and paid ten per cent. discount. No one was present at the time except the cashier and myself. Denton was not present, and I am not positive that he knew I was paying ten per cent. to discount it. I prepared the note, took it to Denton and had him to indorse it as an accommodation indorser, and did not tell him what discount I proposed to allow the bank. I do not know whether or not he had notice of the fact that we were paying ten per cent. I believe he knew we were

doing business with the bank.  I do not know that he knew
what the bank's rates were.  I don't think I ever heard him
say.  I don't remember ever to have discussed with him our
arrangements about raising money at the bank.  I am not
prepared to swear that he did not know that we were going
to discount it and pay ten per cent. interest.

Leon A. Wilson, for plaintiff in error.
John C. McDonald, contra.