## PRATHER *v.* SMITH, administrator.

1. A waiver of a homestead and exemption right, even though such right be inchoate only, is valid and will be binding upon the person making the waiver when the right becomes complete.
2. Such a waiver is, however, void if embraced in a promissory note infected with usury, and a surety thereon signing in ignorance of the usury will be discharged.
3. In view of the undisputed facts, there was no error in the present case in directing a verdict in the surety's favor.

Argued April 20,—Decided May 21, 1897.

Complaint on note. Before Judge Butt. Talbot superior court. March term, 1896.

*Brannon, Hatcher & Martin* and *J. H. McGehee*, for plaintiff. *Jesse J. Bull*, for defendant.

FISH, J. In this case suit was brought by Prather, the plaintiff, against Mrs. A. P. Dozier as principal, and C. M. Smith as security, upon a promissory note. Mrs. Dozier made no defense to the suit. Smith filed a plea setting up that there was a certain amount of usury in the note sued on, which fact was unknown to him at the time he signed the same as surety, that said note contained a waiver of homestead, and that by reason of said usury and waiver of homestead he was released from any obligation to pay the same. Smith died pending the suit, and his administrator was made a party defendant to the same in his stead. The administrator amended the plea by alleging that the waiver of homestead was a consideration moving his intestate to sign the note as surety, and that if he had known of the existence of usury in the note he would not have signed it. The plaintiff demurred to the plea as amended, because it was insufficient in law; "because the plea failed to set forth that Mrs. Anna P. Dozier, the principal defendant, was at the time of signing said note or at any time since, or was at the time of the trial, entitled to a homestead by reason of being either the head of a family, or guardian, or trustee of a family of minor children, or an aged or infirm person, or a person having the care and support of a dependent female or dependent females of any age." The court overruled this demurrer; to which ruling the plaintiff excepted and now assigns the same as error. The plaintiff then introduced the note sued on, and closed. The defendant introduced J. L. Dozier, who testified that he was then and at the time of the signing of said note the husband of Mrs. A. P. Dozier; that they were then and had been all the time living together; that they had three children, all of whom were boys; that his wife had a separate estate, was in good health, and fifty years of age; that he represented his wife in borrowing the money for which the note was given, and agreed to pay one and a half per cent. per month interest for the money, and that the interest was included in the face of the note, and that C. M. Smith signed the note as surety. The evidence of C. M. Smith, contained in a set of interrogatories executed before his death, was that he signed the note as surety, had no knowledge that the note was

infected with usury when he signed it, and did not know or hear that it contained usury until after the suit was instituted. At the conclusion of this testimony, the court directed the jury to return a verdict in favor of the administrator of Smith, and against Mrs. Dozier; and a verdict was rendered accordingly. The plaintiff excepted to this ruling of the court, and now assigns the same as error.

1. The first question to be considered, and the one upon which the case turns, is whether or not a married woman having a separate estate, who is living with her husband and their children, who is fifty years of age and not infirm, not having the care and support of dependent females, and not a guardian or trustee of a family of minor children, can make a valid waiver of a homestead and exemption right, which will be binding upon her in the event the right to have a homestead set apart to her becomes complete. Counsel for the plaintiff in error contend that such a woman has no right to a homestead, and therefore her waiver of such a right amounts to nothing. We think that the decisions of this court are against this contention. It was held in the case of *Broach v. Powell*, 79 *Ga.* 79, that an unmarried man may make a valid waiver of a homestead right, although at the time of making the waiver he is not entitled to have a homestead set apart and, for that matter, may never be, and that if he subsequently marries, thereby becoming the head of a family and as such, in the absence of a waiver, having a perfect right to take a homestead, the waiver will then be effective and will prevent his securing a homestead as against the debt for the better security of which the waiver was made. In that case when the waiver was made there was no present right to take a homestead, and it was uncertain whether the debtor would ever become entitled to have a homestead set apart out of his property; but the court held that there existed an inchoate or contingent right to a homestead, which might become complete by reason of the marriage of the debtor, whereby he would become the head of a family. And it was held that the debtor by waiving "all right to homestead" waived this inchoate or contingent right, and, as Chief Justice Bleckley said, "This inchoate or

contingent right, being surrendered by the waiver, did not remain with him so as to mature into a complete and perfect right on his subsequent marriage." In *Boroughs* v. *White*, 69 *Ga.* 842, it was held that a general waiver of a right to a homestead was valid, where the right waived was much more contingent than the one now under consideration; for, to quote the language of the Chief Justice, used in reference to that case, in *Broach* v. *Powell*, supra, "In that case a promissory note was executed before the constitution of 1877 went into effect, which note contained a general waiver of homestead. Though under the law as it then stood such a waiver was good for nothing, the court held that it avoided a homestead taken afterwards under the constitution of 1877. Moreover, the homestead right there asserted not only rested for its completion on a subsequent organic law, but upon new grounds of homestead brought into the system by that law. Thus a double contingency had to be realized in order to perfect the right to which the waiver was applied." Surely if a valid waiver could be made in that case, one could have been made by Mrs. Dozier in the present one. For here the happening of either one of several contingencies, as we shall presently see, is all that is necessary "in order to perfect the right to which the waiver was applied." In the light of these decisions, it matters not that at the time that the note containing the waiver was signed, or at the time of the trial of the case, Mrs. Dozier may not have had the right to have a homestead set apart to her out of her separate estate. She had an incomplete and contingent right to such a homestead, which might become complete upon the happening of any one of several contingencies, while the note was outstanding against her. Her husband might die and leave her the head of a family of minor children, or she might live in a state of separation from her husband and have her minor children living with her; in either of which events she would be clearly entitled to have a homestead set apart to her and such children out of her own estate. She might become an aged or an infirm person, and as such be entitled to have a homestead for her own support. Granting that none of these conditions existed at the time when the note was executed or at the time

that the case was tried, still, according to the decisions of this court, the mere fact that either or all of them might exist in the future was sufficient to have made this a valid waiver of a homestead right, which would be binding upon Mrs. Dozier whenever, by the happening of the requisite contingency, the right became complete. The waiver of the homestead right in this case then, if there were no usury in the note, would be a valid waiver which would forever prevent Mrs. Dozier from taking a homestead as against this debt.

2. The evidence, however, shows that there was usury in the note, and this is not disputed; so that what would otherwise have been a good waiver becomes a mere nullity, by reason of the existence of the usury. The testimony of the surety shows that when he signed the note the fact that it contained usury was unknown to him, and his evidence upon this point is not contradicted. Besides, this court has decided that "In an action on such a note it is incumbent upon the plaintiff, in order to hold the surety liable, to prove affirmatively that he signed the note with knowledge of the usury." *Denton* v. *Butler & Stevens*, 99 *Ga.* 264. Under repeated decisions of this court, a surety who signs a note containing a waiver of homestead and in which usury is concealed, of the existence of which in the note he was ignorant at the time he signed the instrument, is discharged from all liability thereon, provided he makes this defense at the proper time and in the proper manner. *Denton* v. *Butler & Stevens*, supra; *Lewis* v. *Brown*, 89 *Ga.* 115; *Harrington* v. *Findley*, Id. 385; *Howard* v. *Johnson*, 91 *Ga.* 319.

3. In view of the undisputed facts of the case, there was no error in directing a verdict in the surety's favor.

*Judgment affirmed. All the Justices concurring.*