*H. C. Beasley,* contra.

---

### 494.  WHILDEN *v.* MILLEDGEVILLE BANKING CO.

1. Where a defendant in a suit brought against him as a principal, to recover the sums due on certain notes, and who had filed a plea averring that he was in fact only a surety, offered an amendment to such plea, properly verified, averring that, by reason of usury exacted without his knowledge by the plaintiff from the principal, a waiver of homestead contained in said notes had been avoided and the security of the waiver thereby had been destroyed, whereby the liability of the defendant as surety was increased, it was error to refuse such amendment. The plea of usury was a good defense, if the jury was satisfied that the defendant was a surety and that usury was, without his knowledge or consent, collected from the principal on the notes; and the plea could have been established by parol evidence.

2. The verdict directed in favor of the plaintiff was not, in view of the state of pleadings, itself erroneous, but it was not necessarily the proper legal result of the trial; and as the error in refusing defendant's amendment to his plea necessarily compelled the return of the verdict rendered, and as exceptions to both rulings are properly presented in accordance with the decision in *Lyndon* v. *Ga. Ry. & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047), the defendant is entitled to a new trial and to the allowance of his amendment.

Appeal, from Baldwin superior court—Judge Lewis.   July 16, 1907.

Submitted October 15,—Decided November 25, 1907.

*Hines & Vinson,* for plaintiff in error.

*D. B. Sanford, D. S. Sanford, C. T. Crawford,* contra.

RUSSELL, J.   This was a complaint on two promissory notes, appealed from the county court of Baldwin to the superior court. The Banking Company brought its petition against the plaintiff in error as principal.   It joined with him the administratrices de bonis non cum testamento annexo of the estate of Mrs. I. A. Hendrix, deceased.   The petition alleged that one H. E. Hendrix, executor, and said G. T. Whilden were indebted to the petitioner on two joint promissory notes, one dated May 9, 1903, due 30 days after date, for $100, and the other dated May 12, 1903, and due 60 days after date, for $150, both bearing interest at 8 per cent. per annum from maturity.   It is further alleged, that H. E. Hendrix was the sole executor of Mrs. I. A. Hendrix at the time he executed the notes to petitioner, and that he died before the maturity of either of the notes, leaving no estate and being utterly insolvent; and that there has been no administration applied for or granted on the estate of H. E. Hendrix.   Attached to the petition are copies of the two notes, which are payable to the Milledgeville Banking Company, and each has indorsed on it the words "protest waived, G. T. Whilden."   The defendant pleaded that he signed the notes only as surety, and not as principal, and that H. E. Hendrix and the Milledgeville Banking Company both knew and understood that he was only a surety.

The administratrices of the estate of Mrs. I. A. Hendrix demurred to the petition, upon the grounds, that the letters "Ext.," following the signature of H. E. Hendrix upon each of the notes, are a mere descriptio personæ; that the notes were not the debt of the estate of Mrs. I. A. Hendrix, and it was not alleged that the consideration represented by the notes ever entered into the estate of Mrs. I. A. Hendrix.   This demurrer was sustained.   Thereafter the defendant Whilden offered the following amendment (which was properly verified) to his original plea:   "And now comes G. T. Whilden, and by leave of the court amends his plea and answer heretofore filed in the above-stated case, and for amendment says:

1. Strike out the word 'admits,' in paragraph five of the original plea and answer, and insert in lieu thereof the word 'denies.' 2. Defendant further says, that the notes sued on were executed upon the 9th day of May, 1903, and on the 12th day of May, 1903, respectively; that the first note was for a loan of $100, and was to run thirty days from its date, and that the principal and the Milledgeville Banking Company agreed that the principal should pay at the Milledgeville Banking Company the sum of $1, interest on said note, for the said period of thirty days, of which thirty-three cents was usurious; that the second note was executed and delivered on the 12th day of May, 1903, was for the loan of $150, and was to run for sixty days, and that the said principal and the Milledgeville Banking Company agreed that the sum of $3 should be paid as interest on said note for the period of sixty days, and the Milledgeville Banking Company collected from the principal on said note the sum of $3, as interest for a period of sixty days, of which $1 was usurious; that said usurious sums were paid as interest by the principal at the execution of said notes; that this defendant, the surety on said notes, had no knowledge or information that the said principal and the Milledgeville Banking Company had agreed upon the payment of said usurious interest, and was not aware that the said principal had paid the Milledgeville Banking Company the usurious interest set out above. This defendant further says that had he known that the said Milledgeville Banking Company had charged and collected from the said principal such usurious interest, he would not have signed said notes as surety; that the said notes contained a waiver of homestead and exemption, which waiver was rendered of no force, by reason of the usury charged; and by reason thereof the liability of this defendant as surety was increased without his knowledge or consent. Wherefore petitioner prays that he be discharged from said suretyship, and that he recover of the plaintiff the costs expended in this behalf." The court refused to allow the amendment, and the defendant properly excepted pendente lite.

On the trial, the Banking Company introduced the two notes and proved the debt and the insolvency of Hendrix, and that there was no administration and nothing to administer upon. The defendant Whilden testified that he signed the notes at Mr. Hendrix's request, for Hendrix to borrow money from the bank. At the ma-

turity of the notes they were brought to the witness, and he waived protest, as shown on the backs of the notes. After Hendrix died, Mr. Bell, the cashier of the Banking Company, stated to the witness that Hendrix's estate was liable for this debt, as he (witness) had only signed as surety for Mr. Hendrix, and had received no benefit himself from the execution of the notes. Whilden further testified that if he had known that they charged over eight per cent. interest, he would not have signed the notes. All parties connected with the transaction understood and recognized that he was only a surety. He also introduced the interest book of the Milledgeville Banking Company, which showed that the notes were entered as payable by Hendrix as principal and Whilden as surety, and that $1 was the interest collected on the first note, and $3 on the second note. At the conclusion of the evidence, the court directed a verdict for the plaintiff, for the principal and interest evidenced by the notes.

There are two assignments of error in the bill of exceptions. Exception is taken to the refusal of the court to allow the amendment offered by the defendant to his plea, and it is insisted that the judge erred in directing a verdict for the plaintiff. The verdict directed was the legitimate conclusion of the issues before the court under the pleadings, but the previous ruling of the court in refusing defendant's amendment to his plea necessarily controlled it. The plaintiff in error having excepted according to the rules announced in the case of *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047), his exceptions are properly presented for our consideration. We think the court erred in refusing to allow the amendment. Whilden had already pleaded that he was not a principal, but only a surety, and the amendment offered properly set up such a defense in his behalf as would have operated to discharge him; and the plea can be established and proved by parol evidence. It is so well settled that usury collected by the creditor, unknown to the surety, will operate to discharge such surety that citation of authority would seem to be unnecessary. It is equally well settled that this plea of usury may be proved by parol. There is no defect which we can discover, either of form or substance, in the plea offered by the defendant; and it was properly verified. If the plea had been allowed, the evidence offered by the defendant, unless rebutted, would have authorized a

verdict in his favor.   With the amendment allowed, and the evidence, which is in the record, before the jury, it would have been error to have directed a verdict for the plaintiff.   We will remand the case to the lower court, in order that defendant's amendment may be allowed, and that a jury may determine not only whether this defendant was a surety, but also whether the act of the creditor, in charging and collecting a greater sum as interest than the law allows, destroyed the waiver of homestead and exemption, and thereby, by increasing the risk of the surety, released him from his obligation of suretyship.   That usury in an obligation containing a waiver of homestead and exemption will release the surety, see *Lewis* v. *Brown,* 89 *Ga.* 115 (14 S. E. 881), *Harrington* v. *Findley,* 89 *Ga.* 385 (15 S. E. 483) ; *Howard* v. *Johnson,* 91 *Ga.* 319 (18 S. E. 132) ; *Denton* v. *Butler,* 99 *Ga.* 264 (25 S. E. 624) ; *Allen* v. *Wilkinson,* 99 *Ga.* 159 (25 S. E. 26).   That a plea of usury may be sustained by parol evidence, see *Einstein* v. *Butler,* 65 *Ga.* 561; *Dwelle* v. *Blackwood,* 106 *Ga.* 486 (32 S. E. 593).

*Judgment reversed.*