### 1753.   HANCOCK v. BANK OF TIFTON.

"A surety upon a promissory note secretly tainted with usury, of which fact he had no knowledge, is discharged from liability if it contained a waiver of homestead."

Complaint, from city court of Nashville—Judge Peeples. February 19, 1909.

Submitted May 5,—Decided October 5, 1909.

*J. W. Powell*, for plaintiff in error.

*J. C. Smith, W. R. Smith*, contra.

Russell, J.   The Bank of Tifton instituted suit on a promissory note signed by Baldree, Hancock, and others.   Baldree made no defense, but Hancock filed a plea setting up that he was surety only, Baldree being the principal debtor, which fact was known to the bank; that the note was a usurious contract, which fact was unknown to him, and that it contained a homestead-waiver clause. At the trial the evidence was as follows:   Baldree testified that on December 2, 1905, he applied to the Bank of Tifton for a loan of $100; that he was supplied with a note, filled out by the bank, for $100, bearing interest at eight per cent. from date; that the note was given him for his own signature, and also to obtain the signature of Hancock and others as sureties.   When he had obtained these signatures, he presented the note at the bank, and was told that the bank would retain $12 as interest, and he was given $88.   The note was due ten months and seventeen days after date; so that the legal interest on it was $6.09.   Baldree further testified that the surety, Hancock, at the time he signed the note, did not know what interest was being charged. Hancock testified, that he signed the note as surety, which fact was known to the bank; that he received no consideration for signing the note, flowing directly to him, and did not know that the note was a usurious contract; that he did not know until after suit was instituted on the note that the bank had charged Baldree more than eight per cent. interest.   The note contained a homestead-waiver clause.   There was no dispute in the evidence, and the judge directed a verdict in favor of the bank against both Baldree and Hancock.   Hancock excepts to this ruling.

In *Prather* v. *Smith,* 101 *Ga.* 283 (28 S. E. 857), it was held that the waiver of a homestead and exemption right, even though such right be inchoate only, is valid and will be binding on the person making the same, if the right should become complete, but that such a waiver is void if embraced in a promissory note infected with usury, and that a surety signing in ignorance of the usury is discharged.   The reason for discharging the surety who signs in ignorance of the usury is that, the waiver being void, his risk is increased.   *Denton* v. *Butler,* 99 *Ga.* 264 (25 S. E. 624); *Lewis* v. *Brown,* 89 *Ga.* 115 (14 S. E. 881).   The undisputed evidence in this case shows that Hancock was surety only; that the contract was usurious, of which fact he was ignorant, and that the note con-

tained a homestead waiver. This was a complete defense and operated to discharge Hancock. The court therefore erred in directing a verdict against him.

At the close of the evidence Hancock moved the court to direct a verdict in his favor; and the bill of exceptions contains an exception to the court's refusal to do so. It is insisted by counsel that the judgment should be reversed on this ground, if reversed at all, so that the necessity for another trial would be obviated. It has been held too frequently to need the citation of authority that there can be no exception to the refusal of the court to direct a verdict. The judgment is reversed because the court erred in directing a verdict against Hancock, the plaintiff in error.

*Judgment reversed.*