### 5585. MORRIS *et al. v.* REED.

1. The abbreviations and letters, "Treas.," and "V. P.," following the names respectively of two indorsers on a promissory note, are mere words of description, and the obligation incurred by such indorsers is personal. Civil Code, § 3570.
2. The amount of a loan or advance may be shown by parol, notwithstanding the loan or advance was made through the medium of a check unaccounted for. The amount may be proved as an independent fact.
3. Where an improper question was addressed to a witness, and argument possibly prejudicial in its character and not based on any evidence was addressed to the jury, and the court promptly ruled out the question and instructed the jury not to regard the unauthorized argument, and no motion for a mistrial was made, this court will not interfere with the discretion of the trial judge in overruling the motion for a new trial, based on the improper question and argument.
4. To entitle a defendant to open and conclude the argument before the jury, by admitting a prima facie case, the right to do so must be claimed before testimony is submitted by the other party.
5. Concealed usury in a promissory note containing a waiver of homestead or exemption prevents a surety or indorser, signing the note with the principal maker, from being bound by the instrument, provided he makes this defense in due time and proper manner. It is otherwise if the usury be known to the surety or indorser at the time he signs the instrument.

DECIDED JULY 7, 1914.

Complaint; from city court of Atlanta—Judge Reid. February 26, 1914.

*Morris Macks,* for plaintiffs in error. *E. M. & G. F. Mitchell,* contra.

WADE, J. J. C. Reed brought suit on two notes for $90 each, and one for $20, principal, against the Georgia Athletic Club as maker, and Barney S. Morris and Ike Morris as indorsers. The notes were signed, "Georgia Athletic Club, (L. S.), O. A. Brown, Secy.," and were indorsed, "Barney S. Morris, Treas.," and "Ike Morris, V.P." The plea of Barney S. Morris and Ike Morris was to the effect that they signed their names on the back of these notes in behalf of the Georgia Athletic Club and as officers thereof, and with no intention whatever to bind themselves personally thereby, and that "it was never contemplated, when said notes were signed and executed, that their endorsing their names on the back was for any other purpose than to sign the same as its officers." They further pleaded that the corporation was alone liable on the notes, and that the $20 note was for interest on the other two notes sued

upon, and was usurious under the law. It appears, from the evidence at the trial, that there was sufficient space at the bottom of the notes for these two defendants to have there placed their signatures, if their intention had been to sign only as officers of the club. The plaintiff's testimony showed that the two indorsers expressly agreed to personally indorse the notes and did so indorse them, and that otherwise he would not have loaned to the club the money represented by the notes. It is not suggested by the defendants why their signatures to the notes were desired, unless it was intended to bind them personally thereby. The notes appear to have been signed in such a manner as to bind the corporation without the addition of the signatures of "Barney S. Morris, Treas.," and "Ike Morris, V. P.;" and it must be assumed that the plaintiff had some purpose in procuring the signatures of the two Morrises; and this serves to corroborate his evidence as to an actual agreement on the part of the Morrises to bind themselves personally by indorsing the notes. The defendants claimed also that the $20 note represented usurious interest, but, since the plaintiff testified that he had loaned the club $35 at one time and $156 on the day the notes were signed and indorsed, there was evidence from which the jury *might* have believed there was no usury in the transaction, except the small amount apparently deducted, as the verdict was for $194.25 principal, etc. At all events, the jury passed upon the various issues of fact, and their decision can not be set aside here, since there is evidence which will sustain the verdict.

The defendants complain because the trial court overruled their demurrer to the effect that the signatures on the back of the notes, "Barney S. Morris, Treas.," and "Ike Morris, V. P.," were insufficient to bind them individually as indorsers. Under the provisions of section 3570 of the Civil Code of 1910, and numerous decisions, the demurrer was properly overruled. See *Saul* v. *Southern Seating and Cabinet Co.*, 6 *Ga. App.* 843-846 (65 S. E. 1065) ; *Candler* v. *DeGive*, 133 *Ga.* 486 (66 S. E. 244) ; *Armour Packing Co.* v. *Lovell*, 118 *Ga.* 164 (44 S. E. 990).

There was a motion to strike the defendants' plea, but, an amendment being offered by them, the court overruled this motion, the case went to trial, and the jury found a verdict in favor of the plaintiff for a sum slightly less than the full amount sued for, together with interest and attorney's fees. The general grounds of

the motion for a new trial, indicated. above, we need not here consider, since there was evidence sustaining the verdict rendered.

The first special ground of the motion for a new trial is based on the refusal of the court to exclude the testimony of the plaintiff as to how much money he let the defendants have on the three notes sued upon, since the check which. he testified he had issued in favor of the Athletic Club for the larger part of the amount was not introduced in evidence, and the check would have been the highest and best evidence of the fact. It does not appear that there was any motion to rule out the parol evidence as to the giving of the check or the contents thereof; and since the plaintiff testified to the independent fact that he had loaned to the defendants the sum of $191 in all, of which $156 was advanced by check at the time the notes were executed, it does not appear that the court committed any error in allowing this testimony. The check was not here essential to establish the amount of the loan.

The next special ground of the motion for a new trial is based upon the fact that counsel for the plaintiff, during the trial, asked the witness if the Georgia Athletic Club was not a "blind tiger," and later said to the jury, in his argument, that, from all the evidence in the case, this club was a mere "blind tiger." It appears that the court ruled out the question referred to above, and directed counsel to refrain from the argument objected to, and also instructed the jury that this argument had nothing to do with the case; so that if any prejudice was created by either the question or the argument, the error was corrected by the ruling and instruction of the court; and besides, no motion for a mistrial appears to have been made at the time by counsel for the defendants.

The next special ground of the motion for a new trial is that the court erred in charging the jury that although $35 of the amount advanced by the plaintiff was given to Barney S. Morris, yet if they believed Morris received it for the club, and this amount was incorporated in the notes sued upon, "both named defendants" would be liable therefor. We see no error here, since, irrespective of the question as to whom the $35 may have been advanced, the testimony shows that the treasurer of the club received it for the club, and this authorized and was sufficient consideration for the inclusion of the amount in the notes sued on, and when these notes were indorsed by Barney S. and Ike Morris, both of them became liable as indorsers for the full amount thereof.

The next ground of the motion for a new trial is that the court erred in refusing to allow counsel for the defendants to open and conclude the argument, since they offered, after all the evidence had been introduced, to assume the burden of proof, by admitting the execution of the notes sued on. This ground is not well taken, for, as was said in the case of *Fisher* v. *Whitehurst,* ante, 220 (80 S. E. 536) : "The rule is that this right to open and conclude must be claimed before testimony by the other party is submitted." It appearing, from this assignment of error, that the offer to assume the burden was made "after the conclusion of all the evidence," it was manifestly too late.

The next ground of the motion for a new trial is that "the court refused to charge the jury the presumption of law as to absent witnesses, defendant contending that the alleged check held by plaintiff was an absent witness, although requested to do so by counsel for defendants." This request could have meant nothing definite to the trial judge, since the check referred to was in no sense a witness; and the request was properly refused for that reason. Probably the presumption arising where a party has evidence in his power to repel a claim or charge against him and omits to produce it (Civil Code, § 5749) was the presumption counsel had in mind, but nothing in this ground of the motion clearly indicates whether this be true or not; and at all events it does not appear that the request was made in writing and at the proper time.

In the next ground of the motion for a new trial the movants object to the verdict because they claim the jury allowed interest on the $35 which the plaintiff testified he let Barney S. Morris have for the club on a due bill, three months before the notes were given. We find no merit in this contention, as the verdict appears to be for a proper sum total; and the movants fail to specifically indicate how or in what manner any different amount was demanded under the evidence.

The last exception taken by the plaintiffs in error is that the verdict is at variance with the charge of the court, as the verdict indicates that the amount found by the jury is usurious, since they deducted $5.75 as interest charged in excess of the legal rate. It is contended the defendants as indorsers on the notes sued on were thereby discharged, the notes containing a waiver of homestead. It does not, however, appear that the indorsers were ignorant of the

fact that usury was charged, but, to the contrary, they set up in their plea that the $20 note sued on was given to cover usurious interest on the other two notes, and it is nowhere suggested, either in the pleas or in the evidence, that at the time the notes were signed, either of the defendants who signed the notes as indorsers was unacquainted with the fact that usury was charged. Ike Morris, one of the defendants, testified: "The $20 was interest, and not for any money we received. My recollection is that the $20 note was for interest." Barney S. Morris testified: "The note for the $20 is for interest on the other two notes, and is usury." Neither defendant asserted that he was unaware of the fact that the $20 note covered more than lawful interest, but it appears that both of them were present when the matter was closed by the giving of these three notes, and that they themselves calculated the amount of interest and added it to the total principal, and they must necessarily have known exactly what interest was charged, and whether it was usurious or not. Be this as it may, no effort was made to set up and establish ignorance of the usury on the part of the indorsers; and hence the question can not now be raised as to the effect of undisclosed usury on indorsers or sureties to a contract; and so far as the legality of the contract is otherwise concerned, it appears that the jury deducted the excess of interest in their verdict. "It is now settled law in this State that concealed usury in a promissory note which contains a waiver of homestead or exemption prevents a surety signing the note with his principal from being bound by the instrument, provided he makes this defense in due time and proper manner." *Howard* v. *Johnson,* 91 *Ga.* 319-321 (18 S. E. 132). See also *Lewis* v. *Brown,* 89 *Ga.* 115, *Harrington* v. *Findley,* 89 *Ga.* 385 (15 S. E. 483). In this case it does not appear that there was either sufficient pleading or any evidence to give the defendants the benefits of the defense of usury, so far as same might be relied upon to absolutely discharge them from the obligation of the notes which they indorsed.

In addition, the indorsers in this case appear to have been officers in the company to which the money was loaned, and would for that reason be presumed to have knowledge of the amount of the interest charged, in the absence of anything to the contrary.

*Judgment affirmed.*