## MILTON, receiver, *v.* SETZE.

FISH, C. J. 1. Where a married woman executes a "mortgage note" payable to the order of her son, the mortgage being on her separate estate, and this is done for the sole purpose of enabling the payee to use the paper as collateral security at a bank for his individual indebtedness to it, and after receiving the paper the payee informs the bank of the purpose for which it has been executed and at the time offers it as collateral security for his existing indebtedness to the bank and for additional money then advanced to him by the bank, and the paper is accepted by the bank for such purpose and is duly transferred to the bank, the contract of the maker of the paper with the payee and with the bank to which the paper is transferred is merely that of a surety. See *Farmers & Traders Bank* v. *Eubank*, 2 *Ga. App.* 839, 845 (59 S. E. 193); *National Bank* v. *Carlton*, 96 *Ga.* 469 (23 S. E. 388); *National Bank of Tifton* v. *Smith*, 142 *Ga.* 663 (83 S. E. 526, L. R. A. 1915B, 1116). In a suit by the bank on the "mortgage note" against the maker thereof, where the defendant interposed a plea and submitted evidence in support thereof as indicated above, the judge was authorized to charge the jury in accordance with the provisions of section 3007 of the Civil Code of 1910, declaring that a married woman can not bind her separate estate by any contract of suretyship.

2. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*
OCTOBER 19, 1916.

Mortgage foreclosure. Before Judge Patterson. Cobb superior court. September 25, 1915.

*G. F. Gober, W. R. Power,* and *W. I. Heyward,* for plaintiff.

*Candler, Thomson & Hirsch* and *H. B. Moss,* for defendant.