### 8549. BANK OF OMEGA *v.* FORD.

BROYLES, P. J. 1. A surety upon a promissory note secretly infected with usury, of which he had no knowledge, is discharged from liability if the note contains a waiver of homestead. *Lewis* v. *Brown,* 89 *Ga.* 115 (14 S. E. 881); *Harrington* v. *Findley,* 89 *Ga.* 385 (15 S. E. 483); *Howard* v. *Johnson,* 91 *Ga.* 319 (18 S. E. 132); *Prather* v. *Smith,* 101 *Ga.* 283 (28 S. E. 857); *Hancock* v. *Bank of Tifton,* 6 *Ga. App.* 678 (65 S. E. 784); *Morris* v *Reed,* 14 *Ga. App.* 729 (5) (82 S. E. 314); *Denton* v. *Butler,* 99 *Ga.* 264 (25 S. E. 624).

(a) In an action on such a note, where the usury is shown, it is incumbent upon the plaintiff, in order to hold the surety liable, to prove affirmatively that he signed the note with knowledge of the usury. *Denton* v. *Butler,* supra; *Prather* v. *Smith,* supra.

2. In *Gay* v. *Gay,* 8 *Ga. App.* 804 (70 S. E. 182), the only case cited and relied on in the brief of counsel for the plaintiff in error, the facts were

very similar to those of this case, but in that case the trial judge directed a verdict *in favor of the plaintiff*, and that judgment was by this court held to be error. The statement in that case, to the effect that the question whether the defendant, under the facts of the case, was ignorant of the fact that usury was included in the note which he signed as surety (the defendant's uncontradicted testimony being that he was ignorant of such fact) should have been submitted to the jury, was not necessary in the determination of the case, and therefore was obiter dictum.

3. Applying these rulings to the facts of the instant case, the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 5, 1917.

Complaint; from city court of Tifton—Judge Price. February 13, 1917.

*R. D. Smith*, for plaintiff in error.. *J. S. Ridgdill*, contra.