### 9295.  Clark *et al* v. Bank of Thomasville.

Wade, C. J.  1. A waiver of homestead is void if embraced in a promissory note infected with usury. *Prather* v. *Smith*, 101 *Ga.* 283 (28 S. E. 857); *Cleghorn* v. *Greeson*, 77 Ga. 343; *Hancock* v. *Bank of Tifton*, 6 *Ga. App.* 678 (65 S. E. 784).

2. The decisions of the Supreme Court of Georgia are binding as precedents upon this court, and clear and definite rulings on questions of law must be recognized and followed.  It was held by the Supreme Court in *Angier* v. *Smith*, 101 *Ga.* 844 (28 S. E. 167), that "the defense of usury is good even against a bona fide holder for value of a negotiable promissory note, who acquired title to the same before its

maturity." See also *Bailey* v. *Lumpkin*, 1 *Ga.* 392, and *Laramore* v. *Bank of Americus*, 69 *Ga.* 722. What is said of the two cases last cited, in *Weed* v. *Gainesville &c. Railroad Co.*, 119 *Ga.* 576 (46 S. E. 885), where the opinion is expressed that a bona fide holder for value should be protected against such a defense, is merely the view of one Justice, the question not being considered by the court in the *Weed* case. See also *Atlanta Savings Bank* v. *Spencer*, 107 *Ga.* 629 (7) (33 S. E. 878); *Clarke* v. *Havard*, 111 *Ga.* 242, 245 (36 S. E. 837, 51 L. R. A. 499).

(a) It would seem to follow, as a logical conclusion, if the maker of a promissory note can set up the defense of usury against a bona fide holder who purchases before due, for value and without notice, that as against such a holder he can likewise insist upon the invalidity of the homestead waiver embraced in an usurious contract in the hands of such a bona fide holder.

(b) The only question presented by the record in this case being whether the defense of usury could be pleaded against a bona fide purchaser of a promissory note for value, before its maturity, for the purpose of avoiding a homestead waiver embraced therein, we hold that the court erred in sustaining the demurrer to the defendant's plea setting up such a defense and in striking the plea. The act of 1916 (Ga. L. 1916, p. 48) has no relevancy to the case presented by this record.

> *Judgment reversed. Jenkins and Luke, JJ., concur.*
> DECIDED MARCH 12, 1918.

Complaint; from Grady superior court—Judge Thomas. August 27, 1917.

*S. P. Cain,* for plaintiffs in error.
*Titus, Dekle & Hopkins,* contra.