### 9053. McWHORTER. v. SWILLEY et al.

WADE, C. J. 1. "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge him." Civil Code (1910), § 3544.

2. Where the fact of suretyship does not appear on the face of the note, it may be proved by parol testimony. Civil Code (1910), § 3556. See also *Buck* v. *Bank of the State of Georgia,* 104 Ga. 660 (30 S. E. 872); *Bishop* v. *Georgia National Bank,* 13 Ga. App. 38 (2) (78 S. E. 947). There being evidence to show that the defendants in this case were sureties, this determines their relationship to the contract; since this was a matter solely for the jury, and they so found.

3. Where a surety signs an ordinary promissory note, containing a homestead waiver, in ignorance that it is tainted with usury, the law relieves him from all liability thereon. *Prather* v. *Smith,* 101 Ga. 283 (2) (28 S. E. 857); *Small* v. *Hicks,* 81 Ga. 691 (8 S. E. 628); *Lewis* v. *Brown,* 89 Ga. 115 (14 S. E. 881); *Harrington* v. *Findley,* 89 Ga. 385 (15 S. E. 483); *Vandiver* v. *Wright,* 94 Ga. 698 (19 S. E. 990); *Denton* v. *Butler,* 99 Ga. 264 (25 S. E. 624); *Whilden* v. *Milledgeville Banking Co.,* 3 Ga. App. 69 (1) (59 S. E. 336); *Furr* v. *Keesler,* 3 Ga. App. 188 (59 S. E. 596); *King* v. *State,* 9 Ga. App. 714 (3) (72 S. E. 177). There was ample evidence in this case to support a finding that the defendants had no knowledge, at the time they signed the note sued on, that it was tainted with usury.

4. There being evidence to warrant the jury in sustaining the defense that the defendants were mere sureties on a homestead waiver note, tainted with usury of which they had no knowledge, this court can not interfere; and the judgment overruling the motion for a new trial is

*Affirmed. Jenkins and Luke, JJ., concur.*

DECIDED APRIL 12, 1918.

Complaint; from Worth superior court—Judge Eve. May 31, 1917.

*J. H. Tipton,* for plaintiff.

*Passmore & Forehand,* for defendants.