14112.  COLT COMPANY *v.* MILLER *et al.*

1. The city court of Miller county is a constitutional city court. *Welborne* v. *State,* 114 *Ga.* 799 (40 S. E. 857); *Cone* v. *American Surety Co.,* 154 *Ga.* 840 (115 S. E. 481).
2. The court did not err in admitting testimony as to the suretyship of the two married women who signed the contract in question. Nor did the court err in thereafter directing a verdict in their favor.

DECIDED APRIL 11, 1923.

Complaint; from city court of Miller county — Judge Geer. November 6, 1922.

The first signature to the contract in question was that of Mrs. S. J. Miller, and her signature was followed by the word " purchaser." The signature of her husband, as " purchaser," followed on the next line, and was followed by that of Mrs. H. C. Mock. When S. J. Miller testified in regard to the signing by his wife and Mrs. Mock as set out in the motion for a new trial and in the following opinion, the testimony was objected to, on the ground that it " contradicts the terms of the order sued on, which has the word ' purchaser ' after Mrs. Miller's name, and because there is no evidence showing that the J. B. Colt Company, the plaintiff, had any notice that said parties signed said contract or order as security only."

*N. L. Stapleton,* for plaintiff.  *P. D. Rich,* for defendant.

BLOODWORTH, J. We will discuss only the exception dealt with in the second headnote. Suit was brought by the J. B. Colt Company against Mrs. S. J. Miller, S. J. Miller and Mrs. H. C. Mock, on a written contract for the " installment of a carbide generator and lighting plant." Mrs. Miller filed a plea in which she alleged that the debt for which suit was

brought was that of her husband, and that she signed the contract as security for him, and that "while the purported contract does not disclose that this defendant signed the same as surety, the agent of plaintiff purposely had this defendant to sign on the top line of the contract for the sole and only purpose of trying to make it appear that this defendant was the principal in said matter, and not surety, and that the purpose in said agent having said signatures affixed in such manner was for none other [than] to conceal the real facts." Mrs. Mock's plea alleged that the indebtedness was not hers but was that of Mr. Miller; that at the time she signed the contract she was a married woman, and that she signed as security for Mr. Miller, and that "while the word 'surety' does not appear in said contract after the signature of this defendant, this defendant verily believes that the purpose of the agent in omitting to disclose the true relation of this defendant to said contract was for the sole and only purpose of evading the law, and trying to bind this defendant as principal in said contract jointly with the said S. J. Miller." The evidence shows that at the time the contract was signed the salesman and agent of the plaintiff knew that both Mrs. Miller and Mrs. Mock were married. Under the well-settled rules that a married woman cannot bind her separate estate by any contract of suretyship (Civil Code of 1910, § 3007; *National Bank of Athens* v. *Carlton*, 96 *Ga.* 469 (1), 470 (1), 23 S. E. 388; *National Bank of Tifton* v. *Smith,* 142 *Ga.* 663 (1), 665, 83 S. E. 526, L. R. A. 1915B, 1116; *Milton* v. *Setze,* 146 *Ga.* 26, 90 S. E. 469), and that "if the fact of suretyship does not appear on the face of the contract it can be shown by parol" (Civil Code of 1910, § 3556; *McWhorter* v. *Swilley,* 22 *Ga. App.* 210 (2), 95 S. E. 720; *Hill* v. *Bazemore,* 17 *Ga. App.* 107, 86 S. E. 397), the court did not err in allowing S. J. Miller to testify as follows: "Mrs. H. C. Mock and Mrs. S. J. Miller signed the contract sued on after witness signed same; the agent who took said order asked them to sign it as security in order to get the plant; that was his suggestion. S. J. Miller had already bought the plant at the time and signed the order; after the salesman found out that witness's wife and Mrs. Mock owned the property, he wanted them to sign it in addition to witness's name." Nor did the court err, under the facts of this case, in directing a verdict in favor of Mrs. Miller and Mrs. Mock. See *McDaniel* v.

*Akridge,* 5 *Ga. App.* 208 (62 S. E. 1010) ; *Munroe* v. *Haas,* 105 *Ga.* 468 (30 S. E. 654).

    *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*