15462.    REDPATH CHAUTAUQUAS INC. *v.* PARKS *et al.*

STEPHENS, J.    1.  An agreement whereby one of the joint obligors under a contract, without the knowledge or consent of the other joint obligors, is released from his obligations thereunder amounts to a release of the other obligors.    Civil Code (1910), § 4309; *Powell* v. *Davis,* 60 *Ga.* 70;

*Warthen* v. *Melton,* 132 *Ga.* 113 (4) (63 S. E. 832, 131 Am. St. Rep. 184).

2. Such a contract of release is not precluded by a provision in the first contract that "no verbal or other agreements are valid unless incorporated ,in writing in this contract," and that "any changes made in the above contract by any agent of the first party are made subject to the approval of" a named person described as "manager."

3. Notwithstanding a provision in the first contract that any changes made therein by any agent of the obligee "are made subject to the approval of" a named person described as "manager," an agreement subsequently made,—as, for example, a release of one of the joint obligors as above indicated,—although made by an agent of the obligee who has no authority in fact to make such an agreement and who is a person other than the "manager" named in the first contract, and although not approved by such "manager," may nevertheless, when ratified by the obligee, become a binding obligation between the parties and supersede any provision in the first contract.

4. A written contract made in behalf of the obligee by one having no authority so to do, in consideration of a sum of money actually paid by one of the obligors, whereby the latter is released from liability under the contract, is nevertheless ratified and becomes a binding obligation between the obligor and the obligee upon receipt of the money and the retention of the same by the obligee with knowledge of the facts; and such knowledge is conclusively shown by the obligee's possession of the executed contract of release.

5. After the ratification has taken effect, the act of the agent can not be disaffirmed or repudiated by the principal, as by an offer on the part of the principal to return the funds, the receipt of which by the agent the principal had accepted and thereby ratified.

6. In a suit on the first contract by the obligee against all of the obligors thereto, including the one released, the court properly directed a verdict for the defendants.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED FEBRUARY 11, 1925.

Complaint; from city court of Dawson—Judge Edwards. March 1, 1924.

See 29 *Ga. App.* 115.

*Lippitt & Burt,* for plaintiff.

*R. R. Jones, H. A. Wilkinson,* for defendants.