19013. MIDDLEBROOKS *et al.* v. PHILLIPS.

BELL, J. 1. Where in a suit by the holder of a joint and several promissory note against three persons as makers, two of the makers pleaded and proved that the holder had accepted from the third maker a sum of money "in full settlement of his liability personally" on the note, as evidenced by a written agreement between them, it was error to direct a verdict in favor of the plaintiff and against the defendants who interposed this defense. The release of one of the persons so jointly liable operated, prima facie, as a release of the others, and the obligation was apparently no longer enforceable against them. Civil Code (1910), § 4309; *Powell* v. *Davis*, 60 *Ga.* 70 (1); *Warthen* v. *Mellon*, 132 *Ga.* 113 (4) (63 S. E. 832, 131 Am. St. Rep. 184); *Redpath Chautauquas Inc.* v. *Parks*, 33 *Ga. App.* 415 (1) (126 S. E. 551); *Ward* v. *Fleming*, 18 *Ga. App.* 128 (1) (88 S. E. 899).

2. The case is not different because the amount paid by the person so released was more than his proper share of the indebtedness. Though the plaintiff might have brought several suits against the makers, he, was entitled to but a single satisfaction, and, having received this as to one of the parties liable, the instrument was discharged. Moreover, the act of the plaintiff in giving such release worked a material change

in the legal relation of the parties, destroying the joint character of the liability, and thus constituting a breach or repudiation of the contract. *Griffin Hosiery Mills* v. *United Hosiery Mills*, 31 *Ga. App.* 450 (120 S. E. 789); *McLendon Bros.* v. *Finch*, 2 *Ga. App.* 421 (3) (58 S. E. 690); Hale *v.* Spaulding, 145 Mass. 482 (14 N. E. 534, 1 Am. St. R. 475); Pettigrew Mach. Co. *v.* Harmon, 45 Ark. 290; Benjamin *v.* McConnell, 9 Ill. 536 (46 Am. D. 474); Tuckerman *v.* Newhall, 17 Mass. 581; Collier *v.* Field, 1 Mont. 612; Wiggins *v.* Tudor, 23 Pick. (Mass.) 434; Milliken *v.* Brown, 1 Rawle (Pa.), 391; Carroll *v.* Corbitt, 57 Ala. 579; Clark *v.* Mallory, 185 Ill. 227 (56 N. E. 1099); Evans *v.* Pigg, 3 Coldw. (Tenn.) 395.

3. If the parties so asserting the release of their co-obligor as a defense consented to such release or if there were other facts in explanation or avoidance, the onus of showing the same was upon the plaintiff. *Donaldson* v. *Carmichael*, 102 *Ga.* 40 (2) (29 S. E. 624); *Denton* v. *Butler*, 99 *Ga.* 264 (2) (25 S. E. 624); *Bank of Omega* v. *Ford*, 20 *Ga. App.* 496 (93 S. E. 106); *Warthen* v. *Melton*, supra, and cases cited in the preceding paragraph.

4. The law as stated above is not altered by anything contained in the negotiable-instruments act. Ga. L. 1924, p. 126, §§ 119 (4), 122; North Pacific Mtg. Co. *v.* Krewson, 129 Wash. 239 (224 Pac. 566, 53 A. L. R. 1416, and cit.).

5. The court erred in refusing a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 7, 1929.

*Claude Christopher,* for plaintiffs in error.    *E. O. Dobbs,* contra.